NO. 07-04-0510-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 25, 2005

_____

LIONEL SAENZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A 13575-9911; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Lionel Saenz challenges an order of the trial court revoking his community supervision and sentencing him to ten years confinement. By a single issue, appellant contends he is entitled to a new hearing on the State's motion to revoke because he received ineffective assistance of counsel. We affirm.

On February 7, 2001, appellant pled guilty to possession of a controlled substance and received ten years community supervision. In January 2004, the State filed a motion to revoke alleging appellant (1) failed to report by mail to his community supervision officer in Erath County, (2) failed to make payment for restitution and fees for the month of January 2004, and (3) failed to complete 400 hours of community service at a rate of eight hours per month.

Upon learning of the State's motion to revoke, appellant consulted attorney Jaime Lopez. At Lopez's request, appellant provided Lopez with documentary evidence he believed would support his defense. However, due to unforseen medical expenses, appellant was unable to retain Lopez, and the trial court appointed Jerry Matthews as his defense counsel. At Matthews's request, Lopez faxed appellant's documents to Matthews's office. At the revocation hearing, none of the documents were presented as evidence, and appellant was the only witness called to testify in his defense. The court revoked appellant's community supervision and assessed the original sentence of ten years confinement.

Appellant subsequently filed a notice of appeal and requested a new trial alleging ineffective assistance of counsel. At the hearing on the motion, the court heard testimony from appellant's community supervision officers as well as from Lopez and Matthews. Appellant and several witnesses also testified to the documents appellant had provided to counsel prior to the revocation hearing. Appellant also testified to the nature of counsel's

representation. After hearing the evidence, the court determined appellant had not received ineffective assistance of counsel and denied his motion for new trial. Maintaining Matthews's representation was inadequate, appellant challenges the order to revoke his community supervision.

A claim of ineffectiveness is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Regarding the second prong, appellant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002); Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See* Tong v. State, 25 S.W.3d 707, 712 (Tex.Cr.App. 2000).

In the present case, we begin by reviewing appellant's contentions with respect to the second prong of the *Strickland* test. Specifically, appellant contends his defense was prejudiced because his community supervision officer in Hale County testified that the

State's allegation pertaining to appellant's failure to report was improperly drafted. Appellant insists this testimony, when combined with copies of his mail-in report forms, affirmatively proves he complied with his community supervision in this regard. He further argues, if counsel had pursued this defensive theory and submitted the supporting documents as evidence, the outcome of the proceeding might have been different.

Appellant exhibits similar concern for counsel's performance in response to the allegations he failed to make payment and failed to complete the required hours of community service. He claims counsel could have pursued the testimony of his community supervision officer that the State usually does not file a motion to revoke solely for nonpayment of fees. Appellant also contends that if counsel had submitted his community service worksheet, there would have been conflicting evidence regarding whether he had completed the requisite number of hours.

Based on the evidence presented, we do not find by a preponderance of the evidence that counsel's failure to pursue the legal strategies suggested by appellant prejudiced his defense. In a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient

4

ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978).

Even if appellant could have shown a viable defense to the allegation that he failed to report by mail in Erath County, he presented no evidence, documentary or otherwise, refuting his failure to make payment or his failure to complete the required hours of community service. In fact, the community service worksheet provided to counsel and admitted at the hearing on motion for new trial indicates appellant did not even begin fulfilling his community service obligation until after the motion to revoke was filed.

Because the trial court was able to ascertain appellant violated at least one of the conditions of his community supervision, any actions or omissions by appointed counsel could not have prejudiced his defense. Since this finding is dispositive of appellant's ineffective assistance claim, we find it unnecessary to determine whether counsel's actions actually fell below an objective standard of reasonableness. Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

5