NO. 07-04-0510-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 25, 2005



______________________________




LIONEL SAENZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. A 13575-9911; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

 Appellant Lionel Saenz challenges an order of the trial court revoking his community
supervision and sentencing him to ten years confinement. By a single issue, appellant
contends he is entitled to a new hearing on the State's motion to revoke because he
received ineffective assistance of counsel. We affirm.

 On February 7, 2001, appellant pled guilty to possession of a controlled substance
and received ten years community supervision. In January 2004, the State filed a motion
to revoke alleging appellant (1) failed to report by mail to his community supervision officer
in Erath County, (2) failed to make payment for restitution and fees for the month of
January 2004, and (3) failed to complete 400 hours of community service at a rate of eight
hours per month.

 Upon learning of the State's motion to revoke, appellant consulted attorney Jaime
Lopez. At Lopez's request, appellant provided Lopez with documentary evidence he
believed would support his defense. However, due to unforseen medical expenses,
appellant was unable to retain Lopez, and the trial court appointed Jerry Matthews as his
defense counsel. At Matthews's request, Lopez faxed appellant's documents to
Matthews's office. At the revocation hearing, none of the documents were presented as
evidence, and appellant was the only witness called to testify in his defense. The court
revoked appellant's community supervision and assessed the original sentence of ten years
confinement.

 Appellant subsequently filed a notice of appeal and requested a new trial alleging
ineffective assistance of counsel. At the hearing on the motion, the court heard testimony
from appellant's community supervision officers as well as from Lopez and Matthews. 
Appellant and several witnesses also testified to the documents appellant had provided to
counsel prior to the revocation hearing. Appellant also testified to the nature of counsel's
representation. After hearing the evidence, the court determined appellant had not
received ineffective assistance of counsel and denied his motion for new trial. Maintaining
Matthews's representation was inadequate, appellant challenges the order to revoke his
community supervision.

 A claim of ineffectiveness is reviewed under the standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a
defendant must establish that (1) counsel's performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but for
counsel's deficient performance, the result of the proceeding would have been different,
a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); see also
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Regarding the second prong,
appellant must demonstrate by a preponderance of the evidence that the deficient
performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App.
2002); Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. See Tong v. State, 25 S.W.3d 707, 712 (Tex.Cr.App. 2000).

 In the present case, we begin by reviewing appellant's contentions with respect to
the second prong of the Strickland test. Specifically, appellant contends his defense was
prejudiced because his community supervision officer in Hale County testified that the
State's allegation pertaining to appellant's failure to report was improperly drafted. 
Appellant insists this testimony, when combined with copies of his mail-in report forms,
affirmatively proves he complied with his community supervision in this regard. He further
argues, if counsel had pursued this defensive theory and submitted the supporting
documents as evidence, the outcome of the proceeding might have been different.

 Appellant exhibits similar concern for counsel's performance in response to the
allegations he failed to make payment and failed to complete the required hours of
community service. He claims counsel could have pursued the testimony of his community
supervision officer that the State usually does not file a motion to revoke solely for
nonpayment of fees. Appellant also contends that if counsel had submitted his community
service worksheet, there would have been conflicting evidence regarding whether he had
completed the requisite number of hours.

 Based on the evidence presented, we do not find by a preponderance of the
evidence that counsel's failure to pursue the legal strategies suggested by appellant
prejudiced his defense. In a revocation proceeding the State must prove by a
preponderance of the evidence that the probationer violated a condition of community
supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874
(Tex.Cr.App. 1993). When more than one violation of the conditions of community
supervision is found by the trial court, the revocation order shall be affirmed if one sufficient
ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App.
1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978).

 Even if appellant could have shown a viable defense to the allegation that he failed
to report by mail in Erath County, he presented no evidence, documentary or otherwise,
refuting his failure to make payment or his failure to complete the required hours of
community service. In fact, the community service worksheet provided to counsel and
admitted at the hearing on motion for new trial indicates appellant did not even begin
fulfilling his community service obligation until after the motion to revoke was filed.

 Because the trial court was able to ascertain appellant violated at least one of the
conditions of his community supervision, any actions or omissions by appointed counsel
could not have prejudiced his defense. Since this finding is dispositive of appellant's
ineffective assistance claim, we find it unnecessary to determine whether counsel's actions
actually fell below an objective standard of reasonableness. Appellant's sole issue is
overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.