AFFIRM as modified; Opinion issued September 20, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01652-CR

## MICHAEL TYSON SHIELDS, Appellant

V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-52209-W**

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

Michael Tyson Shields appeals from the adjudication of his guilt for evading arrest or detention. In a single issue, appellant contends the trial court abused its discretion by revoking his community supervision and adjudicating his guilt. We modify the trial court's judgment and affirm as modified.

Appellant waived a jury, pleaded guilty to evading arrest/detention, and pleaded true to one enhancement paragraph. The trial court deferred adjudicating guilt, placed appellant on community supervision for three years, and assessed a $1,500 fine. The State later moved to adjudicate guilt, alleging appellant violated conditions (s) operating a motor vehicle without a valid driver license or liability insurance; (a) committing the offense of burglary of a vehicle; (h) failing to pay court costs

and fines; (n) failing to pay urinalysis fees; and (j) failing to pay community supervision fees. In a hearing on the motion, appellant pleaded not true to violating conditions (s) and (a), and pleaded true to violating conditions (h), (n), and (j). The trial court found the allegations true, adjudicated appellant guilty, and assessed punishment at confinement in state jail for 180 days.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, appellant must successfully challenge all of the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

Appellant contends the evidence is insufficient to show he committed the burglary offense, drove a motor vehicle without insurance or valid driver license, and did not pay court costs and fines. The State responds the trial court did not abuse its discretion by revoking appellant's community supervision and adjudicating him guilty because he pleaded true to multiple violations.

Appellant pleaded true to violating conditions (h), (n), and (j) of community supervision as alleged in the motion to adjudicate. A plea of true, standing alone, is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Appellant testified he did not know he was not allowed to drive until a probation officer told him he had no valid driver license. He called his mother who came to the probation office and drove the vehicle home. Appellant received a grant to attend barber school, and he used that money to pay

for school and barber's license fees, hire a private lawyer, and buy his fiancee an engagement ring. Appellant said he could pay the delinquent fees and costs if he were continued on probation. Appellant admitted he was arrested for burglary of a vehicle but said he had receipts for all of the electronic items he had in his possession at the time showing that the items belonged to him.

We conclude the trial court did not abuse its discretion by revoking appellant's community supervision and adjudicating his guilt because the evidence is sufficient to show appellant violated the conditions of his community supervision. *See Sanchez*, 603 S.W.2d at 871. We resolve appellant's sole issue against him.

The record shows the trial court did not orally pronounce a fine when it adjudicated appellant guilty and imposed the sentence. The judgment, however, includes a $1,500 fine. When a conflict exists between the oral pronouncement and the written judgment, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). We modify the judgment to delete the $1,500 fine. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.–Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111652F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL TYSON SHIELDS, Appellant

No. 05-11-01652-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-52209-W).
Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered September 20, 2012.

MOLLY FRANCIS
JUSTICE