**Opinion filed February 14, 2013**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00038-CR

_____

### JENNIFER KAY ALEXANDER, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6370**

### M E M O R A N D U M   O P I N I O N

Jennifer Kay Alexander appeals from a judgment adjudicating her guilty of the offense of possession of a controlled substance. In September 2009, Appellant entered a plea of guilty. The trial court deferred adjudication of Appellant's guilt, placed her on community supervision for a term of two years, and assessed a $1,000 fine. In December 2010, the State filed a motion to revoke community supervision and adjudicate guilt, alleging that Appellant violated six conditions of her community supervision. Appellant pleaded not true to the alleged violations. After a hearing on the State's motion, the trial court found that Appellant had violated three

conditions of her community supervision by committing the offense of possession of a controlled substance in Taylor County, adjudicated her guilty of the original offense, and assessed punishment at confinement for a term of twenty-four months and a fine of $1,000. We affirm.

*Background Facts*

The trial court found that Appellant violated Conditions 2, 10, and 12 of the terms and conditions of her community supervision. In pertinent part, the conditions required that Appellant commit no new offense, remain in Haskell County unless given written consent to leave, and refrain from the possession, use, sale, or control of any controlled substance. On October 3, 2010, officers of the Taylor County Sheriff's Department stopped Appellant's vehicle in Abilene. Pursuant to a consent search of her vehicle, the officers discovered approximately six grams of methamphetamine and six grams of alprazolam between the center console and the passenger seat. In her sole issue on appeal, Appellant argues that the trial court abused its discretion in revoking her deferred adjudication community supervision. Appellant contends the State failed to meet its burden of proof.

*Standard of Review*

The burden is on the State to show, by a preponderance of the evidence, that the defendant committed a violation of the conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We review the trial court's order, in which it revokes community supervision, under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and the evidence is reviewed in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court abuses its discretion if it revokes community supervision when the State has failed to meet its burden of proof. *Hart v. State*, 264 S.W.3d 364, 366 (Tex. App.—Eastland 2008, pet. ref'd). Proof by a preponderance of the evidence of any one of the alleged violations of the terms and conditions of community supervision is sufficient to support a revocation order. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b), 21(b) (West Supp. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). If the greater weight of the credible evidence creates a reasonable belief that a defendant violated a condition of her community supervision, the trial court does not abuse its discretion if it revokes community supervision. *Rickels*, 202 S.W.3d at 763–64.

*Revocation of Community Supervision & Adjudication of Guilt*

Appellant's specific argument is that the State failed to prove by a preponderance of the evidence that she was in control of the methamphetamine found in her car. She further argues that, contrary to her testimony at trial, she did not know she needed written permission to leave Haskell County.

Steven Cody Ott was Appellant's adult probation officer. He testified that he explained the terms and conditions of community supervision to Appellant. Ott further testified that Appellant did not have written permission to leave Haskell County. Shay Bailey, a narcotics agent for the Taylor County Sheriff's Department, testified that he was investigating a report of individuals dealing methamphetamine out of Abilene-area hotels. Officer Bailey testified that he observed a Ford Expedition—registered to Timothy Alexander, Appellant's husband—driving toward Abilene from Jones County. He observed two traffic violations and followed the vehicle to the Country Hearth Inn. Appellant was driving the Ford Expedition. After police stopped the vehicle, Appellant consented to a search of the car. Officer Bailey testified that he discovered approximately six grams each of substances later identified as methamphetamine and alprazolam alongside Appellant's cell phone.

At trial, Appellant testified she understood that, as a condition of her community supervision, she needed permission to leave Haskell County. Appellant admitted that she never got permission on October 3, 2010, to go into Taylor County. Further, Appellant admitted to going to Abilene the week prior to this incident and to Stamford, in Jones County, the morning of the incident—all without the written permission required under the terms of her community supervision.

The record contains evidence supporting the trial court's determination that Appellant violated at least one of the terms and conditions of her community supervision, leaving Haskell County without written consent. Proof of one violation is sufficient to support a revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978). Accordingly, the trial court did not abuse its discretion in finding the alleged violation to be true and proceeding with an adjudication of guilt. Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


MIKE WILLSON

JUSTICE


February 14, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4