**Affirmed as Modified; Opinion Filed April 4, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

No. 05-12-01264-CR
No. 05-12-01265-CR
No. 05-12-01266-CR

---

**SHANNON RAY WHITE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-22243-I, F12-22244-I, F03-32656-I**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

Shannon Ray White appeals the revocation of his community supervision in each case. In two issues, appellant contends the trial court abused its discretion by revoking his community supervision and the judgments should be modified to show both that he pleaded not true to the allegations in the motions to revoke and to delete a fine not orally pronounced at sentencing. The State agrees to one modification, but asserts the judgments should be modified to show the fines originally pronounced when appellant was placed on community supervision. We modify

the trial court's judgments and affirm as modified. Appellant waived a jury and pleaded guilty to one possession of methamphetamine in an amount of less than one gram offense and two possession of cocaine in an amount of less than one gram offenses. *See* TEX. HEALTH & SAFETY CODE ANN. §481.115(a), (b) (West 2010). Appellant also pleaded true to two enhancement paragraphs in each case. Under the plea agreements, the trial court assessed punishment at imprisonment for ten years, probated for ten years, and a $2,000 fine in each case. The State later moved to revoke appellant's community supervision, alleging appellant violated "condition (b) in that a urinalysis collected on or about May 12, 2012 tested positive for cocaine," and condition (r) by not participating in the Drug Patch Program as directed. Appellant pleaded not true to the allegations during a hearing.

Rose Lugo, a supervision officer, testified appellant was placed on community supervision on May 4, 2012. As a condition of his community supervision, appellant was required to wear a drug patch. He was instructed to have it exchanged every ten days. Julie Gerald, clinical director for Recovery Healthcare Corporation, the company that handles the drug patch, testified a patch was applied to appellant on May 12, 2012 and was removed on May 23, 2012. The May 12th patch tested positive for cocaine.

Appellant testified he never used cocaine or any other drug while on community supervision. Appellant acknowledged he was instructed to exchange the patch every ten days, and he complied with that requirement. Appellant testified he got out of jail on May 6, 2012, and a patch was applied to his arm on May 17, 2012. The patch caused a rash and fell off due to his sweating. He reported those issues to the probation department at least twice, and Hadnot told him he could take off the patch. Appellant said instead of removing the patch, he had it taped in place.

Supervision officer Josephine Hadnot testified appellant told her that he had an allergic reaction to the patch, showing her a picture on his cell phone. Appellant went back to Recovery Healthcare and they put the patch on appellant's other arm. Hadnot told appellant he needed to go to his doctor if he had another reaction and have the doctor write an "indication" that he was allergic to the patch. Hadnot never told appellant to remove the patch.

The trial court granted the State's motions, revoked appellant's community supervision, and assessed punishment at imprisonment for five years in each case.

In his first issue, appellant contends the trial court abused its discretion by revoking his community supervision because the evidence is legally insufficient to prove either of the allegations in the motions to revoke. Appellant asserts there is no evidence that he did not participate in the Drug Patch Program or that he tampered with or obstructed the patch, or that he did not show the patch to his supervision officer. Appellant argues that because the State provided no evidence regarding the urinalysis test, the evidence is insufficient to prove he violated that condition.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id*. at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, in order to prevail on appeal, appellant must successfully challenge all of the findings that support the

revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

Appellant testified he knew he was required to exchange his drug patch every ten days. According to Lugo, a patch was applied to appellant on May 12, 2012, and it was removed eleven days later, on May 23, 2012. Lugo also testified the May 12th patch tested positive for cocaine. Appellant denied using cocaine or any drug while on community supervision, but he offered no explanation as to why a patch removed from his arm tested positive for cocaine. It was the trial judge's role, as the fact-finder, to reconcile any conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). The trial judge was free to accept or reject any and all of the evidence presented by either side. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

We conclude the evidence is sufficient to support the trial court's finding that appellant violated the conditions of his community supervision. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision in each case. *See Rickels*, 202 S.W.3d at 763; *Sanchez*, 603 S.W.2d at 871. We resolve appellant's first issue against him.

In his second issue, appellant contends the judgments should be modified to show he pleaded not true to the allegations in the motions to revoke and, in one case, to delete the $1,575 fine not orally pronounced at the revocation hearing. The State agrees the judgments should be modified to show appellant entered pleas of not true, but says the trial court did not have to re-pronounce the fine. The State also contends that all three judgments should be modified to reflect the $2,000 fines assessed at the guilty plea hearing.

The record shows appellant pleaded not true to the allegations in the motions to revoke. The judgments, however, recite appellant pleaded true to the motions. Thus, the judgments are incorrect. We sustain appellant's second issue with respect to the pleas.

The judgments in cause nos. 05-12-01264-CR and 05-12-01265-CR do not show a fine, but the judgment in 05-12-01266-CR recites a fine of $1,575. When it sentenced appellant to ten-year prison terms and placed appellant on community supervision for ten years, the trial court assessed a $2,000 fine in each case. Fines that are imposed when punishment is assessed at original plea proceedings that result in community supervision being granted are properly included in judgments revoking community supervision. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). Thus, the $2,000 fine assessed in each case should be included in the trial court's judgments revoking community supervision. We overrule appellant's second issue with respect to the fine. We modify the trial court's judgments to show appellant pleaded not true to the motions to revoke and to include the $2,000 fines originally assessed. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.─Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121264F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHANNON RAY WHITE, Appellant

No. 05-12-01264-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 2 of Dallas County, Texas (Tr.Ct.No.
F12-22243-I).
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Plea to Motion to Revoke" is modified to show "Not True."

The section entitled "Fine" is modified to show "$2,000."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.

Judgment entered April 4, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

-6-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHANNON RAY WHITE, Appellant

No. 05-12-01265-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 2 of Dallas County, Texas (Tr.Ct.No.
F12-22244-I).
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Plea to Motion to Revoke" is modified to show "Not True."

The section entitled "Fine" is modified to show "$2,000."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.


Judgment entered April 4, 2013.


/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHANNON RAY WHITE, Appellant

No. 05-12-01266-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 2 of Dallas County, Texas (Tr.Ct.No.
F03-32656-I).
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Plea to Motion to Revoke" is modified to show "Not True."

The section entitled "Fine" is modified to show "$2,000."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.

Judgment entered April 4, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE