**Leroy JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58445.**

Court of Criminal Appeals of Texas, Panel 1.

Sept. 27, 1978.

Mark J. Sideman, San Antonio, for appellant.

Bill M. White, Dist. Atty., David A. Berchelmann, Jr., and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from an order revoking probation. On January 20, 1975, appellant entered a plea of guilty before the trial court to the offense of forgery. His punishment was assessed at four years confinement in the Texas Department of Corrections, but imposition of sentence was suspended and appellant was placed on probation. Among the terms and conditions of probation, appellant was to,

"2. Avoid injurious or vicious habits and abstain from the use of narcotic drugs in any form . . ."

The record reflects that the court attached a special condition of probation, which was,

"DEFENDANT TO REPORT TO AN AGENCY FOR TREATMENT

"(a) Defendant will immediately contact the Patrician Movement and apply for treatment under this Narcotic Addiction Program and will comply with all rules and regulations as directed by Father Brosnan, or any of his assistants. The defendant will submit to the Nalline or urine analysis tests of narcotics or dangerous drugs usage, or any other tests, treatment, or instructions whenever instructed by them. The defendant will remain in this program until medically discharged.

"(b) Upon rejection or non-acceptance of any phase of this program, the defendant will immediately report to the Bexar County Adult Probation Office. Upon reporting to the Adult Probation Office, the defendant will comply with any instructions or directives by the Court for further treatment in any program or in any agency, so directed for rehabilitation.

"(c) At any time during defendant's period of probation, defendant will at the direction of the Court, report to the Patrician Movement for tests and evaluation of his drug use."

Thereafter, on July 15, 1977, the State filed an amended motion to revoke appellant's probation, alleging that he had used morphine in violation of probation condition number 2, and that he had failed to comply with the special condition of probation. Specifically, the motion alleged that appellant had failed to comply with the rules and regulations of the Patrician Movement in that he failed to keep twenty-four consecutive appointments in the program. After a hearing, the trial court entered an order revoking appellant's probation on the basis of the two violations.

■ Appellant first contends that his conviction for forgery is void since the indictment is fundamentally defective. The indictment, in pertinent part, alleges that appellant:

"did then and there with intent to defraud and harm another, PASS TO WILLIAM WONG a writing that had been MADE, ALTERED AND COMPLETED so that it purported to be the act of another who did not authorize the act, and which said writing is to the tenor following: [at which place a copy of the check was set out] . . ."

Appellant contends that this indictment is fundamentally defective for failure to allege that the passing of the instrument was done with the *knowledge* that it was forged. He contends that the indictment, therefore, does not allege a culpable mental state as required by Sec. 6.02, V.T.C.A. Penal Code.

This contention was decided adversely to appellant in *Jones v. State,* 545 S.W.2d 771 (Tex.Cr.App.1977) (Opinion on Motion for Rehearing) and reaffirmed in *Jiminez v.*

*State,* 552 S.W.2d 469 (Tex.Cr.App.1977). Therein, we held that an indictment for forgery which fails to allege knowledge as an essential element is not fundamentally defective.

In *Jones,* supra, we noted that a reading of the forgery statute, Sec. 32.21, V.T.C.A. Penal Code, "reveals that it unequivocally prescribes a single culpable mental state for forgery: This is the intent to defraud or harm, which is required by subsection (b) of Section 32.21."

The indictment in the instant case does allege that the act was committed "with intent to defraud or harm another," which is the essential mental element. Therefore, the indictment is not fundamentally defective for failing to allege a culpable mental state. *Jiminez v. State,* supra; *Jones v. State,* supra; see also *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976). Appellant recognizes our prior ruling on this matter, but urges that we overrule our prior holdings. This we decline to do, for the reasons stated in *Jones v. State,* supra. Appellant's first contention is overruled.

■ Appellant next contends that the trial court abused its discretion in finding that he had violated the special condition of his probation, which required him to participate in the drug treatment program. He contends that this special condition of probation was invalid as an improper delegation of authority by the trial court to the treatment center.

In *Smith v. State,* 527 S.W.2d 896 (Tex. Cr.App.1976), we reiterated that a probationary condition which requires the probationer to report to the probation officer "as directed" constitutes an improper delegation to the probation officer of the setting of the terms of probation. See also *Parsons v. State,* 513 S.W.2d 554 (Tex.Cr.App.1974); *Brown v. State,* 508 S.W.2d 366 (Tex.Cr. App.1974); *De Leon v. State,* 466 S.W.2d 573 (Tex.Cr.App.1971).

The special condition of probation in the instant case is distinguishable from the conditions held invalid above. The condition that appellant participate fully in the drug treatment program was not vague and ambiguous. Appellant was required to enroll in the Narcotic Addiction Program, participate in the treatment programs and abide by the rules and regulations of the program. Upon appellant's non-acceptance of any phase of the program, he was to report to the Probation Office for further directives and instructions from the court. The court retained ultimate supervision over appellant during the probationary period, but just required appellant to receive treatment from an established program. This was not an invalid condition of probation. See *Figgins v. State,* 528 S.W.2d 261 (Tex.Cr.App.1975).

■ The trial court did not abuse its discretion in revoking appellant's probation on the ground that appellant had violated this special condition. David Dunn, a supervisor with the Patrician Movement, testified that appellant began treatment in February of 1975, as an outpatient, with appointments twice a week. Dunn testified that appellant did not report as required and was subsequently placed in jail because of traffic tickets. He was released to the custody of the Patrician Movement where he was placed in a residential facility. In December of 1976, appellant was placed on outpatient status again, to report and receive treatment once a week. He was subsequently scheduled to report to the program three times a week, which he refused to do. Dunn testified that appellant then missed twenty-four consecutive appointments at the program. The evidence is sufficient to show that appellant failed to comply with the rules and regulations and treatment program of the Patrician Movement. Therefore, the court did not abuse its discretion in revoking appellant's probation on this ground.

■ Appellant next contends that the evidence is insufficient to show that he used morphine in violation of probation condition number 2. Appellant is correct that the evidence is insufficient to prove this violation. However, one sufficient ground for revocation would support the trial court's order revoking probation; since there was

sufficient evidence to show that appellant violated condition number 15, this contention need not be considered. *Gobell v. State,* 528 S.W.2d 223 (Tex.Cr.App.1975); *Ross v. State,* 523 S.W.2d 402 (Tex.Cr.App. 1975).

The judgment is affirmed.