# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00423-CR

**Laurie Granado, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 9034150, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In October 2003, appellant Laurie Granado was convicted of arson, sentenced to four years in prison, and placed on community supervision for four years. Three-and-a-half months later, the State moved to revoke. Following a hearing, the court granted the motion and imposed sentence, which it reduced to three years' imprisonment. We affirm.

In three points of error, appellant contends the court abused its discretion by revoking her supervision because the State failed to prove that she committed a subsequent criminal offense as alleged in the motion to revoke. Appellant does not challenge, however, the court's findings that she was delinquent in paying ordered fees, costs, and restitution, and that she had failed to perform required community service.

A finding of a single violation of the conditions of supervision is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). Thus, in order to

prevail, an appellant must successfully challenge all the findings that support the revocation order. *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Because the district court's unchallenged findings are sufficient to support its order, we need not address appellant's points of error.

The order revoking community supervision is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   August 24, 2005

Do Not Publish