Affirmed and Memorandum Opinion filed November 1, 2005












Affirmed and Memorandum Opinion filed November 1,
2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00408-CR

NO. 14-04-00409-CR

_______________

 

RECTOR LAWRENCE HARRIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 825,487 &
825,488

_________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Rector
Lawrence Harris appeals the revocation of his post-conviction community
supervision[1]
on the ground that the evidence was insufficient to support the trial court=s findings that he violated the
conditions of his probation by failing to obtain suitable employment and by
committing an offense.  We affirm.








An
order revoking community supervision is reviewed for abuse of discretion.  See Cardona v. State, 665 S.W.2d 492,
493‑94 (Tex. Crim. App. 1984).  The
trial court abuses its discretion in revoking community supervision if the
State fails to meet its burden of proof. 
Id.  A violation of a condition of community
supervision need only be proved by a preponderance of the evidence.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).  Where multiple
violations are alleged, proof of one will support revocation.  Jones v. State, 571 S.W.2d 191, 193-94
(Tex. Crim. App. 1978).

In
this case, because the evidence of the finding challenged in appellant=s second point of error is
sufficient, we need only address that point of error.  It pertains to the condition requiring that
he commit no offense against the laws of any state.  The State alleged that Appellant participated
in a theft of merchandise from a store.  The
evidence was undisputed that the stolen merchandise was carried out of the
store by a person whom appellant had helped select merchandise in the store and
in a bag containing other merchandise that appellant had purchased from the
store.  A store security employee
testified, among other things, that while looking through a store window from
the outside, he had seen appellant in the store removing theft detection
sensors from DVDs and placing them in the bag with his other purchases, in
which the stolen merchandise was recovered.








To
refute this evidence, appellant relies on two defense exhibit photographs
showing an area inside the store. 
Appellant contends that: (1) the witness testified that the photos
accurately depicted his line of sight of appellant; and (2) from the photos, it
is apparent that appellant=s hands would not have been visible to the witness from where
he was located outside the window, relative to appellant=s location inside.  However, although the witness testified that
the photos accurately depicted the way the store Alooked,@ appellant has not cited (and we have
not found) any testimony that the photos represented the witness=s line of sight.  Nor is it apparent from the explanation in
appellant=s brief, or otherwise from the photos
or testimony cited by appellant, how it would have been physically impossible
for the witness to see what he claimed to observe.  Under these circumstances, appellant=s second issue fails to demonstrate
that the evidence was insufficient to support the trial court=s finding of a violation of the
conditions of his probation. 
Accordingly, it is overruled, and the judgment of the trial court is
affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 1, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           Appellant=s two convictions were both for injury to a disabled
individual.  After granting the State=s motions to revoke his community supervision for both
convictions, the trial court sentenced appellant to four years and eighteen
months confinement for each of the two offenses.