COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LUIS FABIAN GARCIA, | | No. 08-09-00194-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 283rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0752999-T) |
| | § | |

**O P I N I O N**

Luis Fabian Garcia appeals his conviction of theft of property. Appellant entered a plea of true to the State's motion to adjudicate guilt and the trial court assessed punishment at confinement in the state jail for two years. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On August 15, 2007, Appellant entered a negotiated plea of guilty to theft. In accordance with the plea bargain, the trial court deferred adjudication of guilt and placed Appellant on deferred adjudication community supervision for three years. The State subsequently filed a motion to adjudicate guilt alleging Appellant violated multiple terms and conditions of probation by testing positive for cocaine, failing to report on several occasions in 2008 and 2009, failing to perform community service hours as directed, failing to pay supervision fees, restitution, and the fine and court costs, and failing to report to the Comprehensive Assessment and Treatment Services Program as directed by the court. At the hearing on the State's motion, Appellant entered a written plea of true to the allegations stated in the motion. He also stipulated in writing that he failed to report as alleged, failed to pay restitution, supervision fees, fine and court costs though able to do so, he used

a controlled substance as alleged, failed to complete psychological evaluation and/or counseling as directed, and he failed to perform community service as directed. The trial court accepted Appellant's plea and assessed his punishment at confinement for two years in the state jail division.

## INABILITY TO PAY

In his sole issue for review, Appellant complains that the State failed to show by a preponderance of the evidence that he was able to pay the required fees, restitution, and court costs. The State responds that Appellant not only entered a plea of true to all of the allegations, he stipulated that he had an ability to pay. Further, he has not challenged all of the grounds for revocation.

The trial court was authorized to revoke Appellant's deferred adjudication community supervision and adjudicate his guilt on the original charge if the State proved by a preponderance of the evidence that Appellant violated any condition of his community supervision. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b)(Vernon Supp. 2009); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). We review the trial court's decision to proceed with an adjudication of guilt for an abuse of discretion. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b)(determination to proceed with adjudication of guilt on original charge is reviewable in same manner as order revoking community supervision); *Rickels*, 202 S.W.3d at 763 (order revoking community supervision reviewed for abuse of discretion). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his probation. *Rickels*, 202 S.W.3d at 763-64. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). We defer to the trial court's resolution of disputed facts and to any

reasonable inferences which can be drawn from those facts. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008).

In conducting our review, we also keep in mind that if a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon v. State*, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). To prevail, an appellant must successfully challenge all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193-94 (Tex.Crim.App. [Panel Op.] 1978); *Harris v. State*, 160 S.W.3d 621, 626 (Tex.App.--Waco 2005, pet. stricken).

As noted by the State, Appellant entered a plea of true to each of the seven allegations stated in the motion to adjudicate and he stipulated in writing that he had violated the terms and conditions of probation by failing to report as alleged, failing to pay restitution, supervision fees, and the fine and court costs "though able to do so," by using a controlled substance as alleged, by failing to complete psychological evaluation and/or counseling as directed, and by failing to perform community service as directed. Appellant's plea of true and stipulation that he failed to pay "though able to do so" is sufficient to support the trial court's finding that Appellant violated the terms and conditions of probation by failing to make the required payments. Further, Appellant's plea of true and stipulation of evidence is sufficient to support each of the remaining grounds for revocation which Appellant has failed to challenge on appeal. Because the trial court did not abuse its discretion by revoking Appellant's deferred adjudication community supervision and adjudicating guilt, we overrule the sole point and affirm the judgment of the trial court.

August 18, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)