**AFFIRM; and Opinion issued February 27, 2013.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-01352-CR
No. 05-12-01381-CR

**JEREMY JASON CRESPIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F08-16205-W, F08-16204-W

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Lang-Miers

Jeremy Jason Crespin appeals following the revocation of his community supervision and adjudication of his guilt in these cases. In a single issue, appellant contends the evidence is insufficient to support the revocation of his community supervision and adjudication of his guilt. We affirm. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

FACTS

Appellant waived a jury and pleaded guilty to aggravated sexual assault of a child younger than fourteen years of age and indecency with a child under seventeen years of age. *See* TEX. PENAL CODE ANN. §§ 21.11(a), 22.021(a)(1)(B)(ii) (West 2011 & Supp. 2012). The trial court deferred adjudicating guilt and placed appellant on five years' community supervision in each case. The court assessed a $3,000 fine in the aggravated sexual assault case and a $2,500 fine in the indecency case. The State later moved to adjudicate guilt, alleging in an amended motion that appellant violated the conditions of his community supervision by: (1) failing to register as a sex offender; (2) committing a theft of a motor vehicle offense; (3) failing to report; (4) failing to give twenty-four hours' notice of any change in home address; (5) traveling outside of Dallas County without permission; and (6) failing to pay costs and fines. Appellant pleaded not true to the allegations in a hearing on the motions.

During the adjudication hearing, at the State's request, the trial court took judicial notice of the entire contents of the court's file, specifically noting the following: (1) the order suspending adjudication of guilt and placing appellant on community supervision on June 15, 2010; (2) the terms and conditions of community supervision signed by appellant on June 15, 2010; (3) the sex offender admonitions signed by appellant on June 15, 2010; (4) page 6 of a certified copy of the transcript from that proceeding where the judge specifically denied appellant's request to suspend him having to register as a sex offender while he was appealing the specific point of registration; and (5) that the mandate in that appeal was affirmed and received by the trial court on July 2, 2011.

Regarding the registration allegation, Garland police detective Brian Younger testified appellant came to his office to register on September 14, 2010. Appellant was initially told to

-2-

register annually due to a discrepancy in the initial paperwork sent to the police department. On May 10, 2011, Younger explained to appellant in person that due to the nature of his offenses, he was required to register his address every ninety days. At that time, appellant signed a document acknowledging he understood the ninety-day registration requirement. Younger testified he gave appellant a card that stated his next registration date was August 9, 2011. Appellant did not show up on that date. Instead, he left a telephone message and asked to reschedule the time to register. Younger rescheduled the registration appointment time for August 16, 2011. Appellant did not show up on August 16, 2011. Appellant did call Younger on August 16th and asked for more time because he "had a warrant out for his arrest." Younger gave appellant another week and a half to get in touch with Younger, but he never heard from appellant again.

Appellant testified that he was given instructions on the sex offender registration requirements when he was placed on community supervision, and he understood the requirement to register his address every ninety days when he spoke with Younger on May 10, 2011. Appellant said he was "in and out of jail" and could not make the appointments, but he always tried to call to reschedule.

The trial court also heard testimony from several witnesses concerning the theft allegation. The trial court found all of the allegations true and adjudicated appellant guilty in each case. The court sentenced appellant to fifty years' imprisonment in the aggravated sexual assault of a child case and twenty years' imprisonment in the indecency with a child case.

APPLICABLE LAW

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a

preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, appellant must successfully challenge all of the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

DISCUSSION

Appellant contends the trial court abused its discretion by revoking his community supervision and adjudicating his guilt because the evidence is insufficient to show he violated any of the conditions alleged in the amended motion to adjudicate. Appellant asserts there is no evidence he took a motor vehicle without the proper owner's consent, changed his home address or traveled outside of Dallas County without permission, or intentionally failed to pay costs and fines. Appellant further argues that because he was never criminally charged with the offense of failure to register as a sex offender and the State "merely created the allegation," the evidence is insufficient. The State responds the trial court did not abuse its discretion because the evidence is sufficient to show appellant violated at least one condition of his community supervision.

Younger's testimony shows appellant did not comply with the sex offender registration requirements. Younger specifically testified that after he gave appellant additional time to comply with the registration requirements on August 16, 2011, Younger never heard from appellant again. Appellant admitted he knew about and understood the registration requirements, but he was "in and out of jail" and always called to reschedule. It was the trial judge's role, as the fact-finder, to reconcile any conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). The trial judge was free to accept or reject any and all of the

-4-

evidence presented by either side. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

We conclude the evidence is sufficient to support the trial court's finding that appellant failed to register as a sex offender. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating appellant's guilt in each case. *See Rickels*, 202 S.W.3d at 763; *Sanchez*, 603 S.W.2d at 871. We resolve appellant's sole issue against him. Because proof of one violation is sufficient to support revocation, we do not address appellant's remaining complaints.

We affirm the trial court's judgments.


ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121352F.U05

-5-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEREMY JASON CRESPIN, Appellant

No. 05-12-01352-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F08-16205-W).
Opinion delivered by Justice Lang-Miers,
Justices Murphy and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 27, 2013.

ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEREMY JASON CRESPIN, Appellant

No. 05-12-01381-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F08-16204-W).
Opinion delivered by Justice Lang-Miers,
Justices Murphy and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 27, 2013.

ELIZABETH LANG-MIERS
JUSTICE