**Affirmed and Opinion Filed February 26, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00828-CR

### NATHAN ALLEN LEIDY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80829-2010**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Bridges

Nathan Allen Leidy appeals following the adjudication of his guilt for aggravated sexual assault of a child younger than fourteen years. In a single issue, appellant contends the trial court abused its discretion when it granted the State's motion to adjudicate guilt. We affirm.

FACTS

Appellant waived a jury and pleaded guilty to aggravated sexual assault of a child younger than fourteen years. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2013). Pursuant to a plea agreement, the trial court deferred adjudicating guilt and placed appellant on ten years' community supervision. The State later moved to adjudicate guilt, alleging in its

second motion that appellant violated twelve conditions of community supervision, including by committing the new offense of possessing drug paraphernalia.

During the adjudication hearing, Richardson police officer Bradley Hill testified the Tche Tche restaurant-bar is an establishment that sells "hookah," a substance common in the Middle East as a tobacco product. Anyone eighteen years of age or older is allowed in the bar. Although the bar does not serve alcohol, patrons aged twenty-one and older may bring in their own alcoholic beverages. On March 2, 2013, as he conducted routine foot patrol, Hill was approached by three women in the bar's parking lot who said appellant tried to sell them K2. Hill testified that K2 is a "kind of synthetic . . . of marijuana." The City of Richardson has banned the possession, purchase, and distribution of K2. One of the women pointed out appellant's truck and offered to go into the bar and identify appellant. Hill went in the bar with the woman, who identified appellant as the man who tried to sell her K2. Hill asked appellant to step outside with him, and he asked if appellant had anything illegal on his person. Appellant said, "not much," and pulled a plastic bag and a pack of rolling papers from his pants pocket. Appellant stated the substance in the bag was K2. Appellant said he had been asked to come to the bar to work for someone else to sell K2 and alcohol to underage drinkers. Hill testified appellant's truck was never searched because the vehicle was parked legally with the doors locked while appellant was inside the bar.

Appellant testified that he was arrested on March 2, 2013 for possession of drug paraphernalia. Appellant said he went to the bar in Richardson because his friend told him he would give appellant $100 to help with security duties at the bar. Appellant testified he had K2 and rolling papers on his person only because he had trouble sleeping and the K2 helped him

sleep. He admitted he was "wrong and going to places I wasn't supposed to be and I shouldn't have done it."

During cross-examination, appellant testified he obtained the K2 from a tattoo parlor, and said he went to the parlor "not too many . . . not more than five times." Appellant denied he told Hill that he went to the bar to sell the K2, stating he actually told Hill that people were accusing him of selling K2. Appellant also testified he chose to possess drug paraphernalia even knowing that he was violating the conditions of his community supervision.

The trial court found this allegation true, adjudicated appellant guilty, and sentenced him to twenty-three years' imprisonment.

APPLICABLE LAW

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, in order to prevail on appeal, appellant must successfully challenge all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

Appellant contends the evidence was insufficient to support the adjudication of his guilt because no paraphernalia was offered into evidence and there was no laboratory test proving the substance was in fact K2. The State responds there was sufficient evidence presented to prove by a preponderance of the evidence that appellant violated at least one of the conditions of his community supervision. We agree with the State.

Hill testified appellant pulled a plastic bag from his pocket and identified the contents as K2, and appellant said he had been asked by his friend to sell K2 and alcohol to underage drinkers. Appellant likewise testified he possessed K2 and rolling papers while on community supervision and admitted he knew he was not supposed to have it. He denied he was trying to sell the K2.

We conclude the evidence is sufficient to support the trial court's finding that appellant violated his community supervision by possessing drug paraphernalia. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating appellant's guilt. *See Rickels*, 202 S.W.3d at 763; *Sanchez*, 603 S.W.2d at 871. We resolve appellant's sole issue against him. Because proof of one violation is sufficient to support revocation, we do not address appellant's remaining complaints.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
130828F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATHAN ALLEN LEIDY, Appellant

No. 05-13-00828-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 401st Judicial District Court of Collin County, Texas (Tr.Ct.No. 401-80829-2010).
Opinion delivered by Justice Bridges, Justices O'Neill and Brown participating.


Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **AFFIRMED**.


Judgment entered February 26, 2014


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE