**Affirm and Opinion Filed March 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00451-CR

**JOSEPH MARSHALL GUTIERREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F11-71025-X**

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

Joseph Marshall Gutierrez appeals his conviction for indecency with a child. In six issues, appellant challenges modifications made to his original probation, claims the trial court abused its discretion by adjudicating him guilty and revoking his probation, and contends he received ineffective assistance of counsel at trial. We affirm.

In November 2011, appellant pleaded guilty to exposing his genitals to J.R., a child younger than seventeen years. The trial court deferred adjudicating guilt, placed appellant on community supervision for seven years, and assessed a $2000 fine. Appellant's community supervision included thirty conditions: (a) through (dd). Five months later, the State filed a motion to adjudicate, alleging appellant violated seven conditions of his community supervision.

The trial court denied the motion but ordered two additional conditions of probation, (ee) and (ff).

In December 2012, the State again filed a motion to adjudicate, alleging appellant violated five conditions: (a), (h), (j), (l), and (z). After the State withdrew allegation (a), appellant entered an open plea and judicially confessed to violating the remaining four conditions. The trial court adjudicated guilt and sentenced appellant to five years in prison.

Appellant's first four issues challenge the trial court's decision to adjudicate his guilt and revoke his community supervision. Under these issues, appellant first argues the trial court erred by modifying his terms of community supervision in July 2012 with docket entries instead of a formal order modifying his probation. He argues that because the docket entries did not formally change his terms of probation, the trial court could not have found he violated those terms and adjudicated him guilty.

The record shows that, on July 16, 2012, the trial court made several entries in the docket sheet regarding additional terms of probation and conditions (ee) and (ff) were included in the trial court's order modifying appellant's original conditions of community supervision. To the extent appellant claims the docket entries violated his right to due process and could not be the basis of adjudicating him guilty, we conclude the docket entries had no bearing on the trial court's decision to adjudicate his guilt. The State's December 2012 motion to proceed with an adjudication of guilt alleges appellant violated five conditions of probation, but all of those allegations were contained in the original November 2011 order of deferred adjudication. The docket entries were nothing more than docket entries. We overrule appellant's first four issues.

In his fifth issue, appellant claims the trial court committed constitutional error by accepting appellant's plea of true and adjudicating guilt without inquiring in detail about why appellant failed to pay costs and fines.

Three of the four conditions the State alleged in its motion to proceed with adjudication involved appellant's failure to pay court costs, fines, supervision fees, and the cost of a urinalysis. The fourth condition, however, was that appellant participate in counseling through an approved registered sex offender treatment provider within 45 days from referral. Appellant pleaded true to all four allegations and testified he had "been working on and off the whole time" he was on probation. The State presented evidence supporting the allegation that appellant had not obtained a sex offender evaluation or participated in any type of sex offender treatment since the time he was initially placed on community supervision in November 2011. Because finding any one violation true is sufficient to support a trial court's decision to adjudicate guilt and sufficient evidence supports the finding he failed to participate in counseling, we need not address appellant's complaint regarding the other three conditions. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Jones v. State*, 571 S.W.2d 191, 193−94 (Tex. Crim. App. [Panel Op.] 1978). We overrule appellant's fifth issue.

In his final issue, appellant claims he received ineffective assistance of counsel at trial because counsel failed to raise the issue of appellant's inability to pay during the hearing on the motion to proceed with adjudication. In light of our disposition of issue five, we conclude appellant's sixth issue lacks merit. We overrule his sixth issue.

We affirm the trial court's judgment.

/Molly Francis/

Do Not Publish
TEX R. App. P. 47
130451F.U05

MOLLY FRANCIS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH MARSHALL GUTIERREZ,
Appellant

No. 05-13-00451-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F11-71025-X.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of March, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE