**Affirmed and Memorandum Opinion filed September 30, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00581-CR

**VICENTE LAVET GEORGE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1350460**

## M E M O R A N D U M   O P I N I O N

Appellant Vincente Lavet George appeals the trial court's judgment revoking his deferred adjudication community supervision. Appellant contends that the trial court abused its discretion adjudicating him guilty because the evidence is insufficient to prove that he had the ability to pay court costs, fees, fines, and programs but chose not to pay. We affirm.

BACKGROUND

Appellant pleaded guilty to assault of a family member, a third degree felony. *See* Tex. Penal Code Ann. § 22.01 (Vernon Supp. 2014). The trial court deferred entering an adjudication of guilt and placed appellant on community supervision for a four-year period on November 14, 2012. His deferred adjudication included many standard conditions, including the requirements to: avoid injurious or vicious habits; report each month to a probation officer; remain in Harris County; present written verification of employment; submit to random drug and alcohol testing; participate in the Community Service Restitution Program by performing 600 community hours at a rate of eight hours monthly; pay a monthly supervision and laboratory fee; pay court costs; pay a $100 fee to the Houston Area Women's Center; participate in the Battery Intervention Prevention Program (BIPP); submit to an alcohol/drug evaluation and attend treatment as recommended; and submit to an assessment and participate in any program deemed appropriate.

The State moved to adjudicate appellant's guilt on February 6, 2013, alleging 17 violations of the terms and conditions of his community supervision. Violations included failure to: (1) avoid injurious or vicious habits by testing positive to use of PCP and marijuana; (2) report to his community supervision officer on three different dates; (3) obtain suitable employment; (4) submit to random urine tests on seven different dates; (5) participate in the Community Service Restitution Program by performing eight community hours per month beginning December 2012; (6) pay his monthly supervision fee; (7) pay court costs of $25; (8) pay $100 to the Houston Area Women's Center; (9) submit to an alcohol/drug evaluation by December 2012 and then participate in an approved treatment program; and (10) participate in the Battery Intervention Prevention

Program.

A revocation hearing was held on June 25, 2013. At the hearing, appellant pleaded true to all alleged violations of the terms and conditions of his community supervision. The trial court found the alleged violations in the State's motion to adjudicate to be true by a preponderance of the evidence, adjudicated appellant guilty of the third degree felony offense of assault of a family member, and sentenced him to three years' confinement.

## ANALYSIS

In his sole issue, appellant argues that the "majority of the violations alleged by the State were strictly due to [appellant]'s economic hardship. The failure to obtain employment, failure to pay fines and fees, and failure to get to meetings or treatment were all because of [appellant]'s difficult financial situation." Therefore, appellant argues the "trial court's decision to adjudicate [him] for these violations was an abuse of discretion when the State failed to prove [he] was able to pay the fees and he did not do so." Although appellant concedes that it is "undisputed that the allegations of drug use was [sic] sufficient alone to adjudicate his guilt," he nonetheless argues that, "[h]ad the payment allegations not been included because there was insufficient evidence to support them, the district court might have given [appellant] a lighter sentence."

The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2014). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In conducting this review, we view the evidence in the light most favorable to the trial court's order. *Greer v. State*, 999 S.W.2d

3

484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).  The trial court is the exclusive judge of the credibility of the witnesses and determines if the allegations in the motion are sufficiently demonstrated.  *Id.*  The State must prove by a preponderance of the evidence that the defendant violated a condition of his probation.  *Id.*

A trial court does not abuse its discretion in revoking probation if there is one sufficient ground for revocation.  *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  If there is sufficient evidence that appellant committed one of several grounds for revocation, we will affirm.  *See Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978).  To prevail on appeal, an appellant "must successfully challenge all the findings that support the revocation order." *Joseph*, 3 S.W.3d at 640.

Appellant pleaded true to all alleged violations of the terms and conditions of his community supervision, including violations for testing positive for use of PCP and marijuana.  Appellant does not challenge the sufficiency of the evidence regarding these two violations, and he concedes that it is "undisputed that the allegations of drug use was [sic] sufficient alone to adjudicate his guilt."  Also, appellant testified at the revocation hearing that he used marijuana and PCP because he was "distressed."  We conclude that there is sufficient evidence to support the trial court's decision to revoke community supervision.

Further, there is no support for appellant's assertion that, "[h]ad the payment allegations not been included because there was insufficient evidence to support them, the district court might have given [appellant] a lighter sentence" and "sentence[d] him to less than three years in prison."  The record establishes that appellant was convicted of aggravated robbery in 2003 and served a seven year

4

sentence after his probation was revoked for that offense; and appellant was previously convicted of assault of a family member in 2011. More importantly, appellant began violating the terms of his community supervision just 14 days after he was placed on community supervision and tested positive to PCP and marijuana use. Considering that the punishment range for the present offense is two to 20 years confinement, appellant's punishment of three years confinement is at the very low end of the punishment range.

Accordingly we overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.


/s/    William J. Boyce
           Justice


Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).