**Affirmed as Modified; Opinion Filed September 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00348-CR

**TOMMY LEE WATKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F12-56304-L**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Fillmore and Stoddart
Opinion by Justice Stoddart

Tommy Lee Watkins appeals his conviction, following the adjudication of his guilt, of burglary of a habitation. In two issues, appellant contends that the trial court abused its discretion by adjudicating his guilt and that the judgment should be modified to correct the name of the prosecutor and the nature of the offense. We modify the trial court's judgment adjudicating guilt and affirm as modified.

BACKGROUND

Appellant waived a jury and pleaded guilty to committing burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Pursuant to a plea agreement, the trial court

deferred adjudicating guilt and placed appellant on six years' community supervision. The State later moved to adjudicate guilt, alleging appellant violated several conditions of his community supervision, including testing positive for THC, failing to report, failing to pay court costs and fees, and failing to attend and complete a "marijuana prevention class."

During the adjudication hearing, appellant pleaded true to all of the allegations in the State's motion. Appellant testified he could not find steady employment and could not pay the costs and fees. Appellant further testified he stopped reporting because his probation officer continually threatened to sanction him for not paying the fees or obtaining a job. Appellant testified that he did go to the "marijuana prevention class," but was required to pay a $90 fee and he did not have the money at that time. Although appellant pleaded true to all of the allegations in the State's motion to adjudicate, he testified he had not smoked marijuana. Appellant further denied that he was the individual who posted pictures on his personal Facebook page showing him smoking marijuana and holding money.

After hearing testimony from appellant's mother and step-mother, the trial court found the allegations in the motion to adjudicate true, adjudicated appellant guilty of burglary of a habitation, and sentenced him to ten years' imprisonment.

APPLICABLE LAW

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See*

*Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, appellant must successfully challenge all of the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

## DISCUSSION

Appellant contends the trial court erred in finding appellant did not prove his affirmative defense of inability to pay costs and fees. Appellant argues that because he had matured, had family support to help him, and had not committed any new offenses, the trial court abused its discretion in revoking his community supervision and adjudicating his guilt. The State responds that the trial court did not abuse its discretion by adjudicating appellant's guilt for multiple violations of his community supervision.

Appellant testified he stopped reporting to his probation officer and failed to complete a "marijuana prevention class." Proof of a single violation is sufficient to support revocation of community supervision. *See id*. Reviewing the evidence under the appropriate standard, we conclude it is sufficient to support the trial court's finding that appellant violated the terms of his community supervision. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating appellant's guilt. *See Rickels*, 202 S.W.3d at 763; *Sanchez,* 603 S.W.2d at 871. We overrule appellant's first issue.

## MODIFY JUDGMENT

In his second issue, appellant contends the judgment adjudicating guilt should be modified to show (1) the attorney representing the State was Douglas Millican, and (2) the correct spelling of the offense for which appellant was convicted. The State agrees the judgment should be modified as appellant requested. The judgment adjudicating guilt incorrectly states

Bonita Tribble was the attorney for the State and that the offense for which appellant was convicted was "burglary of habitiation." We sustain appellant's second issue.

We modify the judgment adjudicating guilt to show the attorney for the State was "Douglas Millican" and the offense for which appellant was convicted was "burglary of a habitation."

As modified, we affirm the trial court's judgment adjudicating guilt.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150348F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOMMY LEE WATKINS, Appellant

No. 05-15-00348-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 5 of Dallas County, Texas (Tr.Ct.No. F12-56304-L).
Opinion delivered by Justice Stoddart, Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Attorney for State" is modified to show "Douglas Millican."

The section entitled "Offense for which Defendant Convicted" is modified to show "Burglary of Habitation."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 25th Day of September, 2015.