

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00373-CR

RICHARD STEWART LONG,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 443rd District Court
Ellis County, Texas
Trial Court No. 39461CR

## MEMORANDUM OPINION

In one issue, appellant, Richard Stewart Long, contends that the trial court abused its discretion by revoking his community supervision. Specifically, he complains that the record does not contain sufficient evidence to support the grounds used to revoke his community supervision. Because we conclude otherwise, we affirm.

## I.    BACKGROUND

On October 8, 2014, Long was charged by indictment with one count of assault family violence with a previous felony conviction for assault family violence.  *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2016).  As part of the plea bargain with the State, Long pleaded guilty to the charged offense.  On March 16, 2015, the trial court accepted Long's plea of guilty, found him guilty, sentenced him to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, suspended the sentence, and placed him on community supervision for five years. Approximately four months after Long's placement on community supervision, the State filed a motion to revoke, alleging that Long had violated four provisions of his community supervision.  Specifically, the State alleged that Long failed to:  (1) report to his supervision officer from March 2015 to July 2015; (2) pay monthly supervision fees, as well as numerous other fees; and (3) enroll in and successfully complete a Battering Intervention and Prevention Program.

On November 17, 2015, the trial court amended the conditions of Long's community supervision by requiring Long to pay $590 in court-appointed attorney's fees, extending the term of the supervision to seven years, ordering Long to serve forty-seven days in the Ellis County Detention Center, and extending by ninety days the deadline to successfully complete the Battering Intervention and Prevention Program.  On July 26, 2016, the State filed its second motion to revoke Long's community supervision.  In this

filing, the State asserted that Long failed to: (1) report to his supervision officer from March 2016 to July 2016; (2) pay monthly supervision fees, as well as numerous other fees; and (3) enroll in and successfully complete a Battering Intervention and Prevention Program.

Long pleaded "not true" to the allegations made in the State's second motion to revoke. However, after a hearing, the trial court concluded that the allegations made in the State's second motion to revoke were indeed true. Accordingly, the trial court revoked Long's community supervision and sentenced him to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court also certified Long's right of appeal, and this appeal followed.

## II.    STANDARD OF REVIEW

We review an order revoking community supervision under an abuse-of-discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). "In the probation-revocation context, 'a preponderance of the evidence' means 'that the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Id.* at 865 (quoting *Rickels*, 202 S.W.3d at 764). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their

testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *See id.* Proof by a preponderance of any one alleged violation is sufficient to affirm an order revoking community supervision and adjudicating guilt. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision" (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978))); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.); *see also Nathan v. State*, No. 10-12-00432-CR, 2013 Tex. App. LEXIS 7511, at *3 (Tex. App.—Waco June 20, 2013, pet. ref'd) (mem. op., not designated for publication).

## III.    ANALYSIS

In his sole issue on appeal, Long contends that the record does not contain sufficient evidence demonstrating that he violated the terms and conditions of his community supervision by failing to pay supervision and other fees, failing to report to his supervision officer, and failing to complete the Battering Intervention and Prevention Program.

At the hearing on the motion to revoke, the State called Jobeth Vines, a probation officer with the Ellis County Adult Probation, as a witness. Vines testified that Long was assigned to be supervised on March 16, 2015. According to Vines, Long never reported for the initial orientation, and he failed to report to his supervision officer from March through July 2016. Additionally, Vines recounted that her records do not show that Long

has ever completed the Battering Intervention and Prevention Program. Later, Vines noted that Long was required to pay $60 a month in supervision fees; however, Long did not pay any of those fees, despite receiving a $360 credit when he was released from jail. Vines also testified that the records reflected that Long did not pay any other fees associated with his community supervision.

Long testified on his own behalf at the hearing. He explained that he could not report to his supervision officer from March through April 2016 because he was living in Clifton, Texas, and did not have transportation. He further explained that he could not report to his supervision officer from May through July 2016 because he was in jail. Later, Long testified that he could not enroll in the Battering Intervention and Prevention program because he lacked identification and transportation. He later admitted that he obtained a Texas identification card and a Social Security card on January 26, 2016; however, he still did not enroll or complete the required program even after obtaining identification. With regard to the community-supervision fees, Long stated that he has had trouble finding a job, though he acknowledged that he would "stand at what we call the money tree out there in Midlothian and I would get a job for day labor." As a result of the day labor, Long received "80 bucks a day and that would go towards food on the table and take care of expenses at the house" where he was living with another woman. Long admitted that "20 bucks here, I could have paid that . . . ."

Based on the foregoing, we conclude that the State proved by a preponderance of the evidence that Long violated several terms and conditions of his community supervision—namely, his duty to report to his supervision officer on a monthly basis; his duty to pay fees associated with his community supervision; and his duty to enroll and successfully complete the Battering Intervention and Prevention Program. *See Hacker*, 389 S.W.3d at 864-65. And to the extent that Long argues that his testimony proves otherwise, we note that the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *Id.* at 865. Accordingly, after viewing the evidence in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion in revoking Long's community supervision. *See Rickels*, 202 S.W.3d at 763-64. We overrule his sole issue on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed April 26, 2017
Do not publish
[CR25]

