**AFFIRMED as MODIFIED and Opinion Filed January 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00131-CR

**TAIWAN CHANCE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1770514-R**

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Schenck
Opinion by Justice Whitehill

After finding several probation violations true, the trial court adjudicated appellant guilty of assault against a family member, found an enhancement paragraph true, and assessed punishment at eleven years in prison.

In five issues, appellant argues that: (i) the judgment should be modified to accurately describe the offense and the allegations to which he pled true and not true, (ii) the court abused its discretion by admitting an unauthenticated jail call, and (iii) the unconstitutional portion of the time payment fee assessed should be deleted.

In a cross-point, the State asks us to modify the deferred adjudication order and judgment to reflect the court's affirmative family violence finding and to delete the reference to a deadly weapon finding that was not made.

The State concedes that appellant should not have been charged the time payment fee. The jail call was admitted to establish that appellant committed a new assault, but that was just one of several alleged probation violations and the trial court found that it was "not true." Appellant pled true to four allegations, but only one ground is required to support the revocation order. Therefore, we need not reach the jail call's admissibility.

The record supports all of the requested judgment modifications. Accordingly, we modify the deferred adjudication order and the judgment and affirm as modified.

## I. BACKGROUND

Appellant was charged with an assault family violence offense and pled guilty pursuant to a plea bargain. He also pled true to the enhancement. Consistent with the plea agreement, the trial court deferred adjudication of guilt, placed appellant on community supervision for four years, and ordered him to pay a $500 fine and $299 in court costs.

The State later moved to revoke appellant's community supervision and adjudicate him guilty. The motion was subsequently amended and included seven allegations. Appellant pled true to four of the seven allegations and "not true" to the remaining three. The court found two allegations not true: (i) that appellant committed a new offense while on probation and (ii) that appellant was delinquent in paying $299 in court costs. The court found the remaining allegations true.

After hearing testimony for punishment purposes, the court revoked appellant's community supervision, adjudicated him guilty, and found the enhancement paragraph true. Punishment was assessed at eleven years in prison.

## II. ANALYSIS

**A. First Issue: Did the trial court erroneously admit an unauthenticated jail call?**

The first allegation in the State's motion to revoke charged that appellant committed a new assault while on probation. Over appellant's objection, the State introduced a jail call allegedly made by appellant in which the speaker says, "I beat that bitch up for turning up at my house unannounced." After hearing additional evidence, the court found the allegation "not true."

Appellant's first issue argues that the jail call was not authenticated and was therefore erroneously admitted. But we need not reach this issue because (i) other unchallenged grounds support revoking probation and (ii) the trial court found the allegation untrue anyway. *See* TEX. R. APP. P. 47.1.

The new assault allegation was but one of seven alleged probation violations. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Appellant does not challenge the court's findings on any of the other allegations and therefore the revocation order stands. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978) (appellant must successfully challenge all findings that support a revocation order).

Moreover, the court found the allegation to which this evidence pertained "not true."

Under these circumstances, we need not consider whether the evidence was erroneously admitted. *See* TEX. R. APP. P. 47.1. We resolve appellant's first issue against him.

**B. Second, Third, and Fourth Issues and Cross-Point: Should the judgment be reformed?**

Yes, because the record supports the requested judgment modifications.

Appellant argues that the judgment should be reformed to reflect that: (i) appellant pled "not true" to allegations A, D, and H, (ii) the court found allegations A and H "not true," and (iii) the description for the offense is unclear because the notation "Assault Bodily Injury Family

Violence Enhance" does not clearly refer to the previous conviction alleged for purposes of classifying the degree of offense rather than the previous conviction alleged to enhance the punishment range. The State agrees that the judgment should be so modified.

In addition, the State requests that the deferred adjudication order and judgment be modified to reflect the trial court's affirmative family violence finding and to delete the deadly weapon finding.

We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Here, the record reflects that (i) appellant plead "not true" to allegations A, D, and H, (ii) the court found allegations A and H "not true," (iii) the "enhance" description in the offense is not necessary[1], and (iv) the court did not make a deadly weapon finding but did make a family violence finding. We therefore sustain appellant's second, third, and fourth issues as well as the State's cross-point and modify the judgment accordingly.

## C.    Fifth Issue:  Should the time payment fee be assessed?

Appellant's fifth issue argues that a $25 time payment fee should not have been included in the bill of costs and is unconstitutional. We need not consider the constitutionality of the fee, however, because the State concedes the fee should not have been assessed in this case. We therefore sustain the portion of appellant's fifth issue complaining that the fee should not have been assessed and modify the judgment to delete the time payment fee from costs assessed.

---

[1] The indictment alleges a prior family violence conviction, increasing the degree of the charged offense from a class A misdemeanor to a third degree felony. *See* TEX. PENAL CODE §§ 22.01(a)(1), (b)(2). The indictment contains one prior felony conviction which increases the punishment range from that of a third degree felony to that of a second degree felony. TEX. PENAL CODE §12.42(a).

### III. CONCLUSION

We modify the deferred adjudication order to reflect that the court did not make a deadly weapon finding, but did make a family violence finding. We also modify the judgment as follows: (i) to reflect that appellant plead "not true" to allegations A, D, and H, (ii) to reflect that the court found allegations A and H "not true," (iii) to delete the "enhance" description in the offense, (iv) to reflect that the court did not make a deadly weapon finding, but did make a family violence finding, and (v) to delete the $25 time payment fees from costs assessed. As modified, the trial court's judgment is affirmed.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2 (b)
190131F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TAIWAN CHANCE, Appellant

No. 05-19-00131-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1770514-R.
Opinion delivered by Justice Whitehill.
Justices Bridges and Schenck participating.

Based on the Court's opinion of this date, the trial court's deferred adjudication order is **MODIFIED** to reflect that the court made a family violence finding but did not make a deadly weapon finding. The judgment of the trial court is **MODIFIED** as follows:
The deadly weapon finding is deleted and replaced with a family violence finding, the judgment will now reflect that appellant plead "not true" to allegations A, D, and H and the court found allegations A and H "not true," and the $25 time payment fee is deleted from the costs assessed.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 27, 2020