

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00242-CR

**DAVID ANDREI MERLINO,**

                                                           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                           **Appellee**

---

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. DC-F201700555

---

## MEMORANDUM OPINION

---

In one issue, appellant, David Andrei Merlino, contends that the trial court abused its discretion by revoking his community supervision. Specifically, he complains that the record does not contain sufficient evidence to support the grounds used for revocation. Because we conclude otherwise, we affirm.

**Factual & Procedural Background**

Merlino pleaded guilty on March 5, 2018, to possession of less than one gram of a Penalty Group 1 controlled substance. *See* TEX. HEALTH & SAFETY CODE § 481.115(b). Merlino was sentenced to two years in the state jail, but the trial court suspended his sentence and placed him on community supervision for a period of five years. Approximately seven months after Merlino was placed on community supervision, the State filed a motion to revoke his community supervision. In its first amended motion to revoke, the State alleged that Merlino had violated seven conditions of his supervision. Merlino pleaded "not true" to each of the allegations in the State's first amended motion to revoke.

After a hearing on the motion to revoke, the trial court found that Merlino had violated five provisions of his community supervision. Specifically, the trial court found that Merlino operated a motor vehicle upon a public highway without a valid driver's license, failed to abstain from the use of alcoholic beverages, associated with a person of disreputable or harmful character without permission, and failed to pay any of his community-supervision and numerous other associated fees. Consequently, the trial court revoked Merlino's community supervision and sentenced him to two years in a state jail. The trial court certified Merlino's right of appeal, and this appeal followed.

## Issue One

In his sole issue on appeal, Merlino contends that the record does not contain sufficient evidence to demonstrate that he violated the terms and conditions of his community supervision. We disagree.

### APPLICABLE LAW

We review an order revoking community supervision under an abuse-of-discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Id.* at 865 (quoting *Rickels*, 202 S.W.3d at 764).

The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *See id.* Proof by a preponderance of any one alleged violation is sufficient to affirm an order revoking community supervision and adjudicating guilt. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision" (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App.

[Panel Op.] 1978)); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.); *see also Nathan v. State*, No. 10-12-00432-CR, 2013 Tex. App. LEXIS 7511, at *3 (Tex. App.—Waco June 20, 2013, pet. ref'd) (mem. op., not designated for publication).

**ANALYSIS**

At the hearing on the motion to revoke, Deputy Sean Walters of the Johnson County Sheriff's Office, testified that he was dispatched to a domestic disturbance on the evening of September 5, 2018. Deputy Walters's call notes indicated that the caller had been assaulted by an intoxicated male, who was fleeing the scene in a silver Mazda. After arriving at the scene and briefly meeting with the victim, Deputy Walters spotted the Mazda driving by and pursued it in his marked patrol car. Deputy Walters activated his emergency lights, and Merlino, the driver of the vehicle, eventually stopped the car in the middle of the roadway. At Deputy Walters's direction, Merlino stepped out of the car.

Deputy Walters testified that Merlino showed several signs of intoxication. For example, Merlino had difficulty following Deputy Walters's instructions to keep his hands in the air. Deputy Walters also said he had to tell Merlino more than once to cross his ankles. In addition, Deputy Walters testified that Merlino was emitting a strong odor of alcohol on his breath. Though some discrepancies exist between Deputy Walters's DWI report and his disturbance report, taken together, they indicate that Merlino had red and/or watery eyes, and his speech was slurred and/or mumbled, all signs of inebriation. *See Hacker*, 389 S.W.3d at 864-65 (stating that, to the extent there are conflicts in the

evidence, we are to review the evidence in the light most favorable to the trial court's ruling and defer to the factfinder's resolution of conflicts in the evidence). Deputy Walters further testified that he saw an open container of beer, which was less than half full in the passenger floorboard near the center console area of the Mazda that Merlino was driving without passengers. Deputy Walters also recounted that Merlino did not have the normal use of his physical faculties due to the introduction of alcohol into his system. Merlino was subsequently charged with driving while intoxicated. In addition to the foregoing, Probation Officer William Bretton testified that Merlino signed an admission that he consumed alcohol while on community supervision, which constituted a violation of the terms and conditions of his community supervision.

Given the above, we conclude that the State proved by a preponderance of the evidence that Merlino violated the second condition of the terms and conditions of his supervision, which required Merlino to "totally abstain from the use of alcoholic beverages." Thus, we hold that the trial court did not abuse its discretion in revoking Merlino's community supervision. *See Rickels*, 202 S.W.3d at 763-64. Furthermore, because one ground for revocation, if proven, is sufficient to revoke a defendant's community supervision, we need not address the remaining grounds for revocation. *See Smith*, 286 S.W.3d at 342. We overrule Merlino's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Rose[1]
Affirmed
Opinion delivered and filed July 21, 2021
Do not publish
[CR25]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.