

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00008-CR

**HAROLD BAREFIELD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law
### Navarro County, Texas
### Trial Court No. C-35172-CR

## MEMORANDUM OPINION

Harold Barefield pled guilty to, and was convicted of, the offense of Attempted Sexual Assault.  *See* TEX. PENAL CODE ANN. §§ 15.01; 22.011 (West 2011).  He was sentenced to 10 years in prison.  His sentence was suspended, and Barefield was placed on community supervision for six years.  Five months later, the State sought to revoke Barefield's community supervision.  After a hearing, the trial court granted the State's motion, revoked Barefield's community supervision, and sentenced Barefield to four

years in prison. In one issue, Barefield asserts the trial court abused its discretion in revoking Barefield's community supervision. Because the trial court did not abuse its discretion, we affirm the trial court's judgment.

We review a decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Further, the violation of a single condition of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Thus, in order to prevail on appeal, an appellant must *successfully* challenge all the findings that support the revocation order. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

The State alleged seven grounds for revocation; those being, that Barefield used alcohol; failed to report; failed to pay court costs; failed to pay probation fees; failed to attend AA meetings; failed to pay sex offender supervision fees; and was unsuccessfully

discharged from the sex offender program. The trial court found that Barefield violated all the terms of community supervision alleged by the State as violations.

Barefield's community supervision officer testified that Barefield was prohibited from using alcohol while on community supervision and that Barefield violated that condition of community supervision by drinking alcohol on a specific date. Barefield admitted to the trial court that he drank alcohol to celebrated getting out of jail and does not contest this violation on appeal. Because proof by a preponderance of the evidence of only one violation is sufficient to support revocation, the trial court did not abuse its discretion in revoking Barefield's community supervision.

Barefield's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 23, 2015
Do not publish
[CR25]

