**Affirmed as Modified; Opinion Filed November 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01068-CR
No. 05-14-01069-CR
No. 05-14-01070-CR

**MICHAEL PRENTISS PRECHTL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause Nos. F-1135251-X, F-1135252-X, and F-1410028-X**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Lang

Michael Prentiss Prechtl appeals the trial court's: (1) judgment of conviction for the offense of assault involving family violence;[1] and (2) judgments adjudicating his guilt for the offenses of (a) possession with intent to deliver methamphetamine in an amount of four grams or more, but less than two hundred grams,[2] and (b) possession of oxycodone in an amount less than one gram.[3] The jury found Prechtl guilty of assault involving family violence and the trial court assessed his punishment at ten years of imprisonment. Also, the trial court adjudicated Prechtl guilty of the offense of possession with the intent to deliver methamphetamine and assessed his

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West Supp. 2014).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010).

[3] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b) (West 2010).

punishment at twenty-five years of imprisonment. Further, the trial court adjudicated Prechtl guilty of the offense of possession of oxycodone and assessed his punishment at six months of confinement.

In two separate briefs, Prechtl raises a total of two issues arguing: (1) the evidence is insufficient to support his conviction for assault involving family violence; and (2) the trial court abused its discretion when it granted the State's motion to proceed with adjudication of guilt and adjudicated him guilty of the offenses of possession with intent to deliver methamphetamine and possession of oxycodone.

We conclude the evidence was sufficient to support Prechtl's conviction for assault involving family violence. Also, we conclude the trial court did not err when it adjudicated Prechtl guilty of the offenses of possession with intent to deliver methamphetamine and possession of oxycodone. Further, we modify the judgments adjudicating Prechtl's guilt to reflect the correct statutes for the offenses. The trial court's judgments are affirmed as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, Prechtl was indicted for the offenses of possession with intent to deliver methamphetamine in an amount of four grams or more, but less than two hundred grams and possession of oxycodone in an amount less than one gram. Prechtl waived a jury trial and pleaded guilty to both offenses. Pursuant to plea agreements, on January 2, 2013, the trial court: (1) deferred adjudication of Prechtl's guilt in the possession with intent to deliver methamphetamine case and ordered that he be placed on seven years of community supervision; and (2) deferred adjudication of Prechtl's guilt in the possession of oxycodone case and ordered that he be placed on community supervision for five years.

Eternity Allcock met Pretchl in January 2014 and immediately began living with him. During the three months they lived together, Allcock and Prechtl "pass[ed] the time" by having

sex, using drugs, and taking "a lot of pictures." Also, Allcock claimed that, during this time, Prechtl kept the door locked and she was not free to leave, unless Prechtl or one of his friends accompanied her.

On March 16, 2014, Allcock went shopping with a friend. While they were out, Allcock's friend told Allcock that she "needed to get out." Also, the friend stated that she was not taking Allcock back to Prechtl. However, Allcock wanted to go back to the hotel room where she stayed with Prechtl to get her "stuff." Allcock's friend refused to accompany her back to the hotel room because she was scared, so Allcock "had two black guys take [her] back." One of those men was a good friend of Prechtl.

At the hotel, Prechtl told the men who accompanied Allcock to leave and they did. As a result, Allcock was alone in the hotel room with Prechtl who was angry with her. Also, Allcock told a hotel employee that she was staying with Prechtl. Between 9:00 and 10:00 p.m. that night, Prechtl's probation officer met with Prechtl in the hotel room. The probation officer observed a woman standing quietly to the side, but she did not appear to be threatened or in danger.

According to Allocock, "all that day and then all night" Prechtl hit her, including breaking her cellular telephone over her head, and strangled her. Allcock stated Prechtl strangled her multiple times and that she sometimes lost consciousness. When she regained consciousness, Allcock found burn marks on her face and legs. Also, Allocock stated she was high on methamphetamine the entire time and admitted it sometimes affects her memory.

The next morning, Prechtl told Allocock to put on a turtleneck and sweatpants to cover up the marks and bruises on her body. Then, he instructed her to go to the hotel lobby and "tell them that [Allcock's] dad was coming [t]o pay [for the room]." Instead, Allcock asked the hotel office to call 9-1-1. The hotel employee observed that Allcock was scared and crying. Allcock

told the 9-1-1 dispatcher that a her boyfriend had choked her until she passed out. The police arrived shortly afterward and arrested Prechtl.

Prechtl was indicted for the offense of assault involving family violence. A trial was held on July 15–16, 2014. The jury found Prechtl guilty and the trial court assessed his punishment at ten years of imprisonment. Also, on July 16, 2014, the trial court conducted a hearing on the State's motions to proceed with an adjudication of guilt, alleging Prechtl violated several conditions of his community supervision. Pursuant to plea agreements on the State's motions, Prechtl pleaded true to all of the State's alleged violations except for the allegation that he committed the offense of assault involving family violence. The trial court took judicial notice of the entire contents of its files in each of Prechtl's three cases and acknowledged that it heard the testimony in Prechtl's assault involving family violence case. The trial court granted the State's motions, finding Prechtl violated the conditions of his community supervision as alleged in the State's motions to proceed with an adjudication of guilt. The trial court adjudicated Prechtl guilty for the offense of possession with the intent to deliver methamphetamine and assessed his punishment at twenty-five years of imprisonment. Further, the trial court adjudicated Prechtl guilty for the offense of possession of oxycodone and assessed his punishment at six months of confinement.

## II. SUFFICIENCY OF EVIDENCE FOR ASSAULT INVOLVING FAMILY VIOLENCE

In his sole issue in the assault involving family violence case, Prechtl argues the evidence is insufficient to support his conviction for assault involving family violence. Prechtl claims the evidence supporting his conviction came from the complainant who admitted she was using methamphetamine at the time. He contends the complainant was "unbelievable" and her testimony was contrary to the testimony of the police officers and hotel employee. The State

responds that a rational trier of fact could have found all of the elements of the offense of assault involving family violence were proven beyond a reasonable doubt.

### A. Standard of Review

When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Appellate courts are required to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19. An appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. All evidence, whether properly or improperly admitted, will be considered when reviewing the sufficiency of the evidence. *See McDaniel v. Brown*, 558 U.S. 120 (2010) (per curiam); *Lockhart v. Nelson*, 488 U.S. 33, 41–42 (1988); *Jackson*, 443 U.S. at 319.

### B. Applicable Law

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8); *see also Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) ("This definition [of bodily injury] appears to be purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching.").

The offense of assault is a third degree felony if it is committed against a person with whom the defendant had a dating relationship and was a member of his family or household, if it is shown that (A) prior to the commission of the assault, the defendant was previously convicted of assault involving family violence, or (B) the offense was committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck. *See* TEX. PENAL CODE ANN. § 22.01(b)(2); TEX. FAM. CODE ANN. §§ 71.0021(b), 71.003, 71.005 (West 2014).

### C. *Application of the Law to the Facts*

The record shows that Allcock testified she lived with Prechtl and he strangled her until she lost consciousness. The hotel employee stated that when Allcock asked her to call 9-1-1, she saw bruises on Allcock's face and neck. One of the police officers who responded to the 9-1-1 call testified Allcock seemed agitated and frightened and stated he observed a mark on her neck, around her throat, which could have been a fingerprint bruise. Photographs of Allcock's injuries were also admitted into evidence. Further, the written statement Allcock gave to the police on March 17, 2014, was admitted into evidence. It states:

> [Prechtl] started when I [] came to hotle [sic] room to get the rest of [my] belongings. [] Prechtl was not happy & told [] myself [sic] that if I did not stay he would gut me like a fish if I did try to leave. So I had to tell the hotel lady I was staying. Once we got into the hotel room, [Prechtl] slapped [] me with his hands & kept telling me I was going to die & he was going to kill me. Later on [Prechtl] was going threw [sic] my phone & saw something [Prechtl] didn't like. He took the phone & started pounding it on [] my head. [Prechtl] yelled all night. [B]ut after he broke the phone[,] [Prechtl] started choking me on the bed. [Prechtl's] knees was [sic] in my chest where I couldn't breath. I felt the life get sucked out of me. When I came to, [Prechtl] had a cigarette held to my face. [Prechtl] told me I was NOT going to keep doing that, I guess passing out. That occurred 3 times that I remember. [Prechtl] woke me up and told me I needed to go pay [for] the room. I don't ever remember going to sleep. I looked at a clock at 7 am. When [Prechtl] woke me it was 10:30 am. [Prechtl] wouldn't let me pick out my colhes [sic]. [Prechtl] got up & got a long sleeve shirt & long pants. [Prechtl] told me that I haven't even seen anything yet. So I went down stairs [sic] to pay the room & hotel lady let me call the cops.

Prechtl maintains that the "entirety of the evidence supporting [the alleged offense] came from [Allcock]" and focuses his argument on the inconsistencies in Allcock's testimony as well as her admissions that she was high on methamphetamine when the alleged assault occurred, she was physically able to leave the hotel numerous times, but did not do so, and in the past, she had burned her legs, arms, and hands with a methamphetamine pipe. Prechtl claims that Allcock's version of the events was just "a story—with all of the inconsistencies one can expect to accompany a methamphetamine addict's fiction." He claims this is supported by the fact that there was no evidence Allcock required medical attention as a result of her alleged injuries. Prechtl points to the testimony of his probation officer that it did not appear that Prechtl was threatening Allcock when he visited the motel room that night and the marks on Allcock's neck probably would not have caused him concern. Also, Prechtl points to one of the police officer's testimony that he did not recall Allcock accusing Prechtl of threatening her with a knife. Prechtl also notes that the hotel employee testified to events differently than Allcock. He notes that Allcock stated Prechtl yelled at her most of the night, but the hotel employee stated she did not hear anything from Prechtl's room and no other guests complained about the noise. Prechtl argues that Allcock's inconsistent statements combined with the contrary testimony of the hotel employee and the police officers "show that [Allcock's] testimony was unbelievable."

The substance of Prechtl's complaint on appeal relates to the weight assigned to Allcock's testimony and the credibility of her statements, which are to be resolved by the jury. *See Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. Accordingly, we conclude there was sufficient evidence to convict Prechtl of assault involving family violence.

The sole issue in the assault involving family violence case is decided against Prechtl.

### III.  ADJUDICATION OF GUILT

In his sole issue in the cases involving the judgments adjudicating his guilt, Prechtl argues the trial court abused its discretion when it adjudicated Prechtl guilty because (a) the State did not prove by a preponderance of the evidence that he committed assault and (b) his constitutional rights were violated when he pleaded true to some of the alleged violations of the terms of his community supervision since the trial court failed to admonish him as to the range of punishment.

### A.  Standard of Review

The decision to proceed with an adjudication of guilt on the original charge and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation hearing in a case where the adjudication of guilt has not been deferred.  *See* TEX. CODE CRIM. PROC. ANN. art.  42.12 § 5(b) (West Supp. 2014).  Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement, is arbitrary and unreasonable, or is without reference to any guiding rules or principles.  *See, e.g., State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014); *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010); *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).  The mere fact that a trial court decided a matter within its discretionary authority differently than an appellate court would have resolved the matter does not demonstrate such an abuse.  *Thomas*, 428 S.W.3d at 103–04.

### B.  Evidence of Assault Involving Family Violence

Prechtl contends the trial court abused its discretion when it adjudicated him guilty because the State did not prove by a preponderance of the evidence that he committed assault in

violation of the conditions of his community supervision. In support of his argument, he points to Allcock's inconsistent statements and testimony. The State responds that Prechtl pleaded true to all of the alleged violations of his community supervision except the allegation of assault involving family violence. The State argues that proof of one allegation was sufficient to find a violation, permitting the trial court to proceed to adjudicate Prechtl's guilt and assess punishment.

### 1. Applicable Law

An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Rickels*, 202 S.W.3d at 763–64. The violation of a single condition of community supervision is sufficient to support a revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, an appellant must successfully challenge all of the trial court's findings that support revocation. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978). The trial court's judgment will be upheld if the evidence is sufficient to support any ground alleged. *See Dunavin v. State*, 611 S.W.2d 91, 101 (Tex. Crim. App. 1981).

### b. Application of the Law to the Facts

We note that we have already concluded there is sufficient evidence to support Prechtl's conviction for assault involving family violence. Nevertheless, the record shows that pursuant to a plea agreement, the trial court signed an order deferring further proceedings without entering an adjudication of guilt and placed Prechtl on community supervision for seven years in the possession with intent to deliver methamphetamine case and five years in the possession of oxycodone case. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a). On March 23, 2014, the State filed motions to proceed with an adjudication of guilt alleging several violations of the

conditions of his community supervision: (1) violating the laws of Texas by intentionally committing the offense of assault involving family violence; (2) three instances where a urinalysis tested positive for methamphetamine; (3) failure to pay court costs and fees as ordered by the trial court; and (4) failure to pay community supervision fees as directed. Pursuant to plea agreements on the State's motions, Prechtl pleaded true to all of the violations except for the allegation that he committed the offense of assault involving family violence. After a hearing, the trial court found that Prechtl violated all of the conditions as alleged in the State's motions.

On appeal, Prechtl challenges only the sufficiency of the evidence to support the trial court's finding that he violated the conditions of his community supervision by committing the offense of assault involving family violence. However, the violation of a single condition of community supervision is sufficient to support a revocation. *See Moore*, 605 S.W.2d at 926. Accordingly, we address Prechtl's next argument that his pleas of true were involuntary because he was not properly admonished as to the ranges of punishment.

### C.  Admonishment as to Range of Punishment

Prechtl contends the trial court abused its discretion when it adjudicated him guilty because his constitutional rights were violated when he pleaded true to some of the alleged violations of the terms of his community supervision because "the trial court . . . failed to admonish him as to the range[s] of punishment to which he was subject as a result of his plea[s] of true." Specifically, he claims that his pleas of true were involuntary because "Never, though, did the [trial] court connect the two [offenses] and specifically admonish Prechtl that, by pleading true, he would be subject to imprisonment for five to 99 years." The State does not respond to this argument.

The record shows Prechtl and the State entered into written plea agreements pursuant to the State's motions to proceed with an adjudication of guilt. The plea agreements were open as

to punishment and included, in part, the following admonishment: "If you are on unadjudicated community supervision, are found to have violated a condition of community supervision, and your guilt is adjudicated by the [trial court], . . . the court may assess your punishment anywhere within the range provided by the law for the offense." Also, the plea agreements contained a statement and waiver by Prechtl that he "understand[s] the nature of the accusation made against [him], the range[s] of punishment of the offense[s] [he] was placed on community supervision for, and the consequences of a plea of true."

Further, during the hearing on the State's motions to proceed with an adjudication of guilt, the trial court reminded Prechtl of the punishment ranges for the offenses and Prechtl acknowledged he understood the punishment ranges, as follows:

Trial Court: Mr. Prechtl, in the first cause number I called out you have been on [community supervision] for the first-degree felony offense of possession of methamphetamine with the intent to deliver, more than 4 grams but less than 200 grams. The punishment range for this offense is anywhere from a minimum of five years [of] confinement in the penitentiary up to a maximum of 99 years or life with an optional fine not to exceed $10,000. Do you understand that that is the punishment range for the first-degree felony offense for which you [have] been on [community supervision]?

Prechtl: Yes.

Trial Court: And in the second case that I called out you have been on [community supervision] for the state jail felony offense of possession of a controlled substance less than one gram. The punishment range for a state jail felony is anywhere from a minimum of 180 days confinement in the state jail up to a maximum of two years confinement with an optional fine not to exceed $10,000. Do you understand that that is the punishment range for this offense for which you have been on [community supervision]?

Prechtl: Yes, ma'am.

. . . .

| | |
|---|---|
| Trial Court: | . . . . Do you understand, Mr. Prechtl, in an open plea or contested hearing that you are basically placing yourself on the mercy of the Court? |
| Prechtl: | Yes, ma'am. |
| Trial Court: | Sometimes the court has mercy, sometimes it doesn't; and you understand that? |
| Prechtl: | Yes, ma'am. |
| . . . . | |
| Trial Court: | All right.  Has your attorney gone over with you and do you understand all of the other admonishments contained in these two documents? |
| Prechtl: | Yes, ma'am. |
| . . . . | |
| Trial Court: | Mr. Prechtl, your attorney has just entered a plea of true on your behalf to all of the allegations in the State's motions except for allegation A [assault involving family violence].  Is that your plea in both cases? |
| Prechtl: | Yes, ma'am. |
| Trial Court: | Are you entering each of those pleas freely and voluntarily? |
| Prechtl: | Yes, ma'am. |

During the hearing, the trial court found that Prechtl was mentally competent to enter the pleas and that his pleas of true were freely and voluntarily made.

We conclude that Prechtl has not shown his pleas of true were involuntary because the trial court failed to admonish him as to the applicable punishment ranges.  Rather, the record shows the trial court did admonish Prechtl as to the punishment ranges for the offenses.

### D.  Conclusion as to Adjudication of Guilt

We conclude the trial court did not err when it adjudicated Prechtl's guilt.  The sole issue in the cases involving the judgments adjudicating Prechtl's guilt is decided against Prechtl.

## IV. MODIFICATION OF JUDGMENT

Also, although neither party raises the issue, we observe the judgments adjudicating Prechtl's guilt incorrectly list the statutes for the offense. First, in cause no. 05-14-01068-CR, Prechtl was indicted for the offense of possession with intent to deliver methamphetamine in an amount of four grams or more, but less than two hundred grams. Section 481.112 of the Texas Health and Safety Code provides that "A person commits an offense if the person knowingly manufacturers, delivers, or possesses with intent to deliver [methamphetamine]" and the offense is "a felony of the first degree if the amount of the [methamphetamine] . . . is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). The judgment adjudicating Prechtl's guilt stated the offense for which Prechtl was convicted was "possession of a controlled substance with intent to deliver methamphetamine 4G." However, it lists the statute for the offense as "481.1121 Penal Code." The Texas Penal Code does not currently have a section numbered 481.1121. Also, section 481.1121 of the Texas Health and Safety Code relates to the manufacture, delivery, or possession with the intent to deliver a controlled substance listed in Penalty Group 1-A. TEX. HEALTH & SAFETY CODE ANN. § 481.1121. "Penalty Group 1-A consists of lysergic acid diethylamide (LSD), including its salts, isomers, and salts of isomers." TEX. HEALTH & SAFETY CODE ANN. § 481.1021.

Second, in cause no. 05-14-01069-CR, Prechtl was indicted for the offense of possession of oxycodone in amount less than one gram. Section 481.115 of the Texas Health and Safety Code provides that "a person commits an offense if the person knowingly or intentionally possesses [oxycodone], unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice" and the offense "is a state jail felony if the amount of the [oxycodone] possessed is, by aggregate weight,

including adulterants or dilutants, less than one gram." TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b). The judgment adjudicating Prechtl's guilt stated the offense for which Prechtl was convicted was "possession of a controlled substance oxycodone." However, it lists the statute for the offense as "481.115 Penal Code." The Texas Penal Code does not currently have a section numbered 481.115.

An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We conclude the trial court's judgments adjudicating guilt should be modified to state the correct statutes for the offenses. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30. Accordingly, the judgment adjudicating Prechtl's guilt in cause no. 05-14-01068-CR should be modified to state the statute for the offense is "481.112 Health & Safety Code" and the judgment adjudicating Prechtl's guilt in cause no. 05-14-01069-CR should be modified to state the statute for the offense is "481.115 Health & Safety Code."

## V. CONCLUSION

The evidence is sufficient to support Prechtl's conviction for assault involving family violence. Also, the trial court did not err when it adjudicated Prechtl guilty. The judgments adjudicating Prechtl's guilt are modified to reflect the correct statutes for the offenses.

The trial court's judgments are affirmed.


Do Not Publish
TEX. R. APP. P. 47
141068F.U05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–14–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL PRENTISS PRECHTL,
Appellant

No. 05-14-01068-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F-1135251-X.
Opinion delivered by Justice Lang. Justices
Evans and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The portion of the trial court's judgment adjudicating guilt that states the statute for the offense is "481.1121 Penal Code" is modified to state "481.112 Health & Safety Code."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of November, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MICHAEL PRENTISS PRECHTL,
Appellant

No. 05-14-01069-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F-1135252-X.
Opinion delivered by Justice Lang. Justices
Evans and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The portion of the trial court's judgment adjudicating guilt that states the statute for the offense is "481.115 Penal Code" is modified to state "481.115 Health & Safety Code."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of November, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL PRENTISS PRECHTL,
Appellant

No. 05-14-01070-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F-1410028-X.
Opinion delivered by Justice Lang. Justices
Evans and Whitehill participating.

     Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of November, 2015.