Juan Ramirez **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 45872, 45873.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Jan. 10, 1973.

Alfonso E. Alonso, Jr., San Antonio (court appointed), for appellant.

Ted Butler, Dist. Atty., Stephen P. Takas and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from orders revoking probation.

The appellant was convicted on the 5th day of March, 1971, for passing as true a forged instrument in two causes. The conditions of the probation included, among other things, that the appellant was to report to the probation officer of Bexar County on the 5th day of each month and that he was to pay court costs in the amount of $260.50.

When the matter was called, the court asked the appellant how he wished to plead to the allegation on failing to report, and he answered, "That's true. I didn't go report." He pled not true to the allegation of failing to pay his court costs.

The State's proof shows that appellant did not report for the months alleged. Appellant testified that he never reported in person and that in June of 1971 and to the latter part of July he voluntarily went to the hospital for detoxification of heroin and was being treated in the Bexar County rehabilitation unit. On August 11, 1971, he was arrested because of the motion to revoke probation. He testified that he was to do some undercover work. The State's proof showed that the probation officer had not advised him he did not have to report.

The court revoked probation for his failure to report on the 5th days of May, July and August, 1971. The court found that the appellant failed to pay the court costs but that there was no finding that he had wilfully failed to make the payment. The court also found that he had violated condition No. 2 by using narcotic drugs and had become addicted.

The appellant contends that an abuse of discretion was shown because the trial court did not enter a formal written order revoking probation. The reasons for revoking probation are found in the sentence and no separate written order was entered. Absent a request for such findings by the court, no error is shown. Wilcox v. State, Tex.Cr.App., 477 S.W.2d 900; Marshall v. State, Tex.Cr.App., 466 S.W.2d 582.

The appellant alleges that the court erred in revoking probation on the ground that he used narcotic drugs, because the use of such drugs was excusable since he was to do undercover work.

We hold that the trial court had sufficient proof to revoke probation on the grounds of the failure to report to the pro-

bation officer. It is not necessary to determine whether the court erred in revoking probation on the other ground that was not alleged in the motion to revoke.

The judgments of the trial court are affirmed.