

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00007-CR

**YVONNE CAROL LINDSEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 25,743**

## MEMORANDUM  OPINION

In two issues, appellant, Yvonne Carol Lindsey, complains about the revocation of her community supervision.  Specifically, Lindsey contends that the trial court erred in:  (1) allowing the State to taint the proceedings with issues of drug use that were not included in the State's motion to revoke; and (2) allegedly speaking with an anticipated trial witness prior to the hearing on appellant's punishment.  We affirm.

# I. BACKGROUND

On January 31, 2012, Lindsey was charged by indictment with one count of unlawful possession of a controlled substance—cocaine—in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). Lindsey entered into a plea-bargain agreement with the State, wherein she pleaded guilty to the charged offense in exchange for a punishment recommendation of community supervision, a fine, and assessments of court costs, attorney's fees, and restitution. The trial court accepted Lindsey's guilty plea; sentenced her to two years' confinement in the Institutional Division of the Texas Department of Criminal Justice; suspended the sentence; placed her on community supervision for three years; and assessed a $600 fine, as well as court costs, attorney's fees, and restitution.

Subsequently, on June 13, 2014, the State filed a motion to revoke, alleging that Lindsey violated numerous terms and conditions of her community supervision.[1] Among the violations alleged was that Lindsey failed to report to her supervision officer

---

[1] The Clerk's Record contains an amended motion to revoke filed by the State. On appeal, Lindsey contends that she did not receive the State's amended motion to revoke. A review of the trial court's judgment revoking Lindsey's community supervision reveals that the trial court did not consider the State's amended motion to revoke; instead, the trial court revoked Lindsey's community supervision based on the allegations made in the State's original motion to revoke that was filed on June 13, 2014.

Nevertheless, both motions alleged as a ground for revocation a violation of condition (4) of her community supervision, and the trial court's judgment is based on a violation of that condition.

on a monthly basis for the months of December 2013, January 2014, February 2014, April 2014, and May 2014.

After a hearing, the trial court determined that Lindsey had violated the terms and conditions of her community supervision by failing to report to her supervision officer.[2] Thereafter, the trial court revoked Lindsey's community supervision and sentenced her to two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Lindsey's right of appeal, and this appeal followed.

## II. STANDARD OF REVIEW

We review an order revoking community supervision under an abuse-of-discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of her community supervision. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). "In the probation-revocation context, 'a preponderance of the evidence' means 'that the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of [her] probation.'" *Id.* at 865 (quoting *Rickels*, 202 S.W.3d at 764). The trial

---

[2] Specifically, the trial court's judgment indicates that Lindsey violated the fourth condition of her community supervision, which corresponded with her duty to report to her supervision officer on a monthly basis.

court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *See id.* Proof by a preponderance of any one alleged violation is sufficient to affirm an order revoking community supervision and adjudicating guilt. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision" (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978))); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.); *see also Nathan v. State*, No. 10-12-00432-CR, 2013 Tex. App. LEXIS 7511, at *3 (Tex. App.—Waco June 20, 2013, pet. ref'd) (mem. op., not designated for publication).

## III. ANALYSIS

### A. Issues of Drug Use

In her first issue and in an attempt to reverse the trial court's judgment revoking community supervision, Lindsey alleged that the trial court erred in allowing the State to taint the proceedings with issues of drug use that were not included in the State's motion to revoke.[3] At no point in her first issue does Lindsey challenge the trial court's conclusion that she violated the terms and conditions of her community supervision by failing to report to her supervision officer on a monthly basis. Moreover, at the hearing

---

[3] Interestingly, the first allegation made in the State's motion to revoke was that Lindsey violated her community supervision by committing the offense of possession of a controlled substance on May 14, 2014, in Walker County, Texas.

on the State's motion to revoke, probation officers Tia Schweitzer and Kim Mynar testified that Lindsey failed to report for several months despite being required to do so under her community supervision. Based on our review of the record, we cannot say that the trial court abused its discretion in concluding that the State proved by a preponderance of the evidence that Lindsey violated the terms and conditions of her community supervision. *See Hacker*, 389 S.W.3d at 864-65; *see also Rickels*, 202 S.W.3d at 763-64.

And to the extent that Lindsey implies that the revocation of her community supervision should be reversed because of alleged references to drug use purportedly not contained in the State's motion to revoke, we note that the Court of Criminal Appeals has considered and rejected a substantially-similar argument. *See Rodriguez v. State*, 488 S.W.2d 78, 79-80 (Tex. Crim. App. 1972). In *Rodriguez*, appellant argued that the trial court erred in revoking his probation on the ground that trial court may have considered his illegal drug use, though such an allegation was not contained in the motion to revoke. *Id.* at 79-80. However, the record in *Rodriguez* revealed that he had failed to report to his probation officer on three occasions, despite being required to do so. *Id.* at 79. Accordingly, the Court held that "the trial court had sufficient proof to revoke probation on the grounds of the failure to report to the probation officer. It is not necessary to determine whether the court erred in revoking probation on the other ground that was not alleged in the motion to revoke." *Id.* at 79-80.

In light of the *Rodriguez* decision and the fact that proof by a preponderance of any one alleged violation is sufficient to affirm an order revoking community supervision and adjudicating guilt, we need not address Lindsey's contention regarding any references to her drug use in this issue, as it is irrelevant to the revocation ground.  *See Smith*, 286 S.W.3d at 342; *Jones*, 571 S.W.2d at 193-94; *Rodriguez*, 488 S.W.2d at 79-80; *Clay*, 361 S.W.3d at 765; *see also Nathan*, 2013 Tex. App. LEXIS 7511, at *3.   Accordingly, we overrule Lindsey's first issue.

**B.      Alleged Conversations Between State's Witnesses and the Trial Court**

In her second issue. Lindsey asserts that her community supervision should not have been revoked because "the trial court abused its discretion and committed error in speaking with at least one anticipated trial witness directly, and then learning, through that witness the content of an additional trial witness's future testimony, outside the presence of the defense attorney and prior to the Appellant's hearing on punishment."[4]

Lindsey's second issue appears to be premised on her interpretation of handwritten notations by the trial judge on the docket sheet, which merely state that Schweitzer would testify at the disposition hearing and that Ira Johnson, a probation officer who serves as a substance abuse counselor, would testify about "drug use."  There is no further indication in the record as to the substance of any other potential

---

[4] From the Reporter's Record of the revocation hearing, it appears entries may have been made on the docket sheet at hearings on the motions to continue the revocation hearing.

communications between the trial court and any trial witnesses. Both Lindsey and the State assert that they were not present nor do they have any knowledge of the contents of any alleged discussions the trial court may have had with anyone prior to the punishment hearing. Without more support from the record, we cannot say that that the trial court erred.

And regardless, any error in this issue would be harmless because at this point in the trial, the trial court had already revoked Lindsey's community supervision and had but one option during the punishment hearing—to impose the original two-year prison sentence, which was at the bottom of the applicable sentencing range. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) ("If community supervision is revoked . . . the judge may proceed to dispose of the case as if there had been no community supervision, or if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted."); TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (providing that possession of one gram or more but less than four grams of an unlawful controlled substance is a third-degree felony); TEX. PENAL CODE ANN. § 12.34 (West 2011) (providing that the punishment range for third-degree felonies is "for any term of not more than 10 years or less than 2 years"). Therefore, based on the foregoing, we overrule Lindsey's second issue.

## IV. CONCLUSION

Having overruled both of Lindsey's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2016
Do not publish
[CR25]

