**AFFIRMED and Opinion Filed September 30, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00500-CR**

**RASHEED LASHAY KILPATRICK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-83467-2016**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Garcia

Appellant Rasheed Lashay Kilpatrick appeals from the trial court's adjudication of guilt for aggravated robbery fifty-year prison sentence. In three issues, he argues the trial court erred by finding "true" the State's allegation that he violated a term of his community supervision by committing murder. We affirm.

### I.  Background

Appellant pleaded guilty to aggravated robbery and, pursuant to a plea bargain, was placed on deferred adjudication community supervision for five years.

The State subsequently filed a petition to adjudicate guilt. The court conducted a hearing on the State's second amended petition alleging seven

violations of community supervision conditions,[1] and appellant pleaded "not true" to all alleged violations. After both sides presented evidence, the court found all seven violations true. The court made a deadly weapon finding and assessed punishment at fifty years in prison. This timely appeal followed.

## II.   Analysis

In three issues, appellant challenges the court's finding concerning his violation of condition 1 by committing murder.

On a motion to proceed with an adjudication of guilt, the State has the burden to prove a violation of a condition of community supervision by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). "'[A] preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision].'" *Id.* at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)); *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.).

Where, as here, the State alleges multiple violations of the terms of community supervision, proof of any one of the alleged violations is sufficient to support revocation. *Dansby*, 468 S.W.3d at 231; *Lee v. State*, 952 S.W.2d 894, 900

---

[1] The alleged violations include: 1.) Committing murder; 2.) Possessing a firearm; 3.) Failure to reimburse for urinalysis testing; 4.) Failure to complete 100 hours of community service; 5.) Failure to pay crime stoppers fee; 6.) Failure to pay the monthly supervision fee; and 7.) Failure to submit to substance abuse evaluation and/or participate in and complete treatment recommendations.

(Tex. App.—Dallas 1997, no pet.); *see also Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.").

We review a trial court's decision to proceed with an adjudication of guilt for an abuse of discretion. *Hacker*, 389 S.W.3d at 865. Because the trial judge is the sole judge of the witnesses' credibility and the weight to give the evidence, in determining whether the trial court abused its discretion, we review the evidence in the light most favorable to the order. *Id.*

Here, appellant admitted the State's second and fourth allegations that he possessed a firearm and failed to complete his community service. He also acknowledged that the community supervision officer's testimony about his failure to fully pay his fines and fees (allegations three, five, and six) was correct. Because proof by a preponderance of the evidence of any one of the alleged violations of the conditions of appellant's community supervision was sufficient to support the trial court's determination, we need not address appellant's arguments concerning the court's finding that the allegations concerning the violation of condition "1" were true. *See* TEX. R. APP. P. 47.1.

The trial court's judgment is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210500F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RASHEED LASHAY
KILPATRICK, Appellant

No. 05-21-00500-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-83467-
2016.
Opinion delivered by Justice Garcia.
Justices Myers and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered September 30, 2022